[S. F. No. 1900. Department One. — October 29, 1901.]

## E. M. GALVIN et al., Appellants, v. E. F. PALMER, Respondent.

JUDGMENTS — VACATION — ENTRY OF SECOND JUDGMENT — CORRECTION — PRESUMPTIONS — COLLATERAL ATTACK. — The court has power to correct its records so that the judgment shall conform to its order; and where a judgment was set aside on the ground that it was entered by the clerk without direction therefor, and the court subsequently ordered the entry of a second judgment, such second judgment must be deemed the true and final judgment in the case; and the action of the court must be presumed correct and within its jurisdiction, in the absence of any showing in the record to the contrary. Its action cannot be impeached by any matter outside of the record, upon a collateral attack.

ID. — NOTICE OF ORDER VACATING JUDGMENT — JURISDICTION — CONCLUSIVE PRESUMPTION. — A party making a collateral attack upon a judgment or order must show by the record that the court did not have jurisdiction; and where the record is silent as to whether the plaintiff knew that the first judgment had been vacated, it will be conclusively presumed that they had notice thereof or consented thereto; and the fact that they did not in fact know that the first judgment had been vacated, and the second one entered, cannot relieve them from its conclusive effect.

ID. — CROSS-COMPLAINT — PROPRIETY OF PLEADING. — The question whether a cross-complaint was a proper pleading or not in the former action could only be inquired into by a direct appeal from the judgment in favor of the cross-complaint therein, and cannot be considered upon a collateral attack in another action.

ID. — WRIT OF ERROR TO SUPREME COURT OF UNITED STATES — STAY OF PROCEEDINGS — CESSATION — DISMISSAL OF WRIT. — A stay of proceedings, consequent upon a writ of error to the supreme court of the United States, fell with the dismissal of the writ of error, and the filing of the mandate thereupon, without the necessity of a specific order vacating the stay.

APPEAL from an order of the Superior Court of the City and County of San Francisco granting a motion for a writ of execution and refusing to vacate the judgment and stay the execution. John Hunt, Judge.

The facts are stated in the opinion of the court.

Moses G. Cobb, and Henry C. Dibble, for Appellants.

Thomas C. Huxley, for Respondent.

HARRISON, J.—A judgment was rendered by the superior court in the above-entitled cause, May 3, 1893, declaring the defendant to be the owner in fee and entitled to the immediate possession of certain real property in San Francisco, and that he recover possession of the same from the plaintiffs, and each of them. A new trial was afterwards granted by said court, and upon an appeal therefrom to this court, that order was reversed, and a *remittitur* issued to the superior court, June 27, 1896. (*Galvin v. Palmer*, 113 Cal. 46.) A writ of error afterwards issued thereon to this court, out of the supreme court of the United States, was dismissed, and the mandate of that court remanding the cause was filed in this court, July 11, 1898, and a certified copy thereof was filed in the superior court, July 19, 1898. The defendant then applied to the superior court for a writ of execution for the enforcement of said judgment. After notice of this motion had been given, the plaintiffs gave notice of a motion on their behalf for an order vacating the judgment, or perpetually staying its execution. At the hearing before the superior court, the defendant offered, in support of his motion, the aforesaid judgment in the action, with the *remittitur* from this court reversing the order granting a new trial, and the mandate of the supreme court of the United States dismissing the writ of error. The plaintiffs, in support of their motion, showed that a judgment had been previously entered in the action, April 27, 1893, and also presented an affidavit of one of the plaintiffs to the effect that he had no knowledge of the entry of the judgment of May 3d, or of any other judgment in the cause than that of April 27th, until after the present motion for a writ of possession, and that his attorney had informed him that he had no knowledge of the judgment of April 27th, or of any other judgment than that of May 3d. Across the face of the judgment of April 27th

was written: "Judgment vacated and set aside by order of the court made and filed herein, May 3, 1893." It was also shown that after the entry of this judgment the court made an order, reciting therein that it had been entered by the clerk without any direction of the court therefor, and that it was incomplete and defective, and directing that the entry thereof be vacated, and that the clerk enter in lieu thereof such judgment as the court might afterwards decree. The judgment of May 3d was thereafter signed by the judge and entered by the clerk. After hearing the two motions, the court made an order denying that of the plaintiffs and granting that of the defendant. From this order the plaintiffs have appealed.

The judgment of May 3d must be regarded as the final and only judgment in the action. If two judgments have been entered in a cause, and the record—the judgment roll—is silent in reference to the reason therefor, the latter in point of time must be deemed the true and final judgment in the case. (*Paige* v. *Roeding*, 96 Cal. 388; *Von Schmidt* v. *Von Schmidt*, 104 Cal. 547; *Hawley* v. *Gray Brothers*, 127 Cal. 560.) The right of a court to correct its records so that its judgment as entered shall conform to its judgment as rendered is unquestioned, and its record when so corrected, as well as the order making the correction, is conclusive upon any other court, or in any other proceeding in which the record is offered in evidence. (*Crim* v. *Kessing*, 89 Cal. 486;[1] *Kaufman* v. *Shain*, 111 Cal. 16.[2]) If the court committed any error in setting the former judgment aside, or if there had been any reason why it should not have been set aside, the action of the court could have been reviewed, through a bill of exceptions presented upon an appeal therefrom; but in the absence of such appeal the action of the court will be presumed to have been correct. It had jurisdiction of the parties and of the subject-matter of the action, and as there might have been circumstances under which it would have been authorized to set the former judgment aside, it will be presumed, upon a collateral attack, in the absence of any showing in the record to the contrary, that such circumstances existed in this case. (*Caruthers* v. *Hensley*, 90 Cal. 559.)

There is nothing in the judgment record herein tending to show any error or irregularity on the part of the court in caus-

---

[1] 23 Am. St. Rep. 491.          [2] 52 Am. St. Rep. 139.

ing the judgment of May 3d to be entered, and the silence of the record demands the presumption that it was properly entered. Its verity is to be tested by its own record, and cannot be impeached by affidavits, or by any matter outside of its record. "Purporting to be a judgment of the court, and found regularly entered in its records, the presumption is that it was entered in pursuance of an order of the court." (*Drake* v. *Duvenick*, 45 Cal. 455.)

The minute order of the court found in the transcript herein, and which is apparently the basis for entering the second judgment, is no part of the judgment roll. (Code Civ. Proc., sec. 670; *Kaufman* v. *Shain*, 111 Cal. 16.[1]) But even if this order could be considered, it clearly appears from the recitals therein that the court was justified in setting the first judgment aside. There is nothing in the record of the judgment tending to show that the action of the court was had without any notice to the plaintiffs, and under the maxim, *Omnia præsumuntur*, it will be presumed, if necessary, that they did have such notice, or even that they consented to the order. (*Parker* v. *Altschul*, 60 Cal. 380; *Hawley* v. *Gray Brothers*, 127 Cal. 560.) A party making a collateral attack upon a judgment or order must show by the record that the court did not have jurisdiction to make such order or judgment. The fact that the plaintiffs did not know that the first judgment had been vacated and the present one entered does not relieve them from its conclusive effect. The affidavit on their behalf shows, however, that their attorney had full knowledge of the entry of the judgment of May 3d.

Whether a cross-complaint was a proper pleading in the former action is not open to consideration upon the present appeal. That question could have been determined only by an appeal from the judgment in favor of the cross-complainant.

Whatever stay of proceedings was consequent upon the writ of error issued from the supreme court of the United States fell with the dismissal of that writ and the filing of the mandate thereon. It was not necessary that there should have been a specific order vacating the stay caused by the issuance of the writ.

The order is affirmed.

Van Dyke, J., and Garoutte, J., concurred.

---

[1] 52 Am. St. Rep. 139.