[S. F. No. 5204.  In Bank.—December 15, 1909.]

## LUCY HITE, Appellant, v. MERCANTILE TRUST COMPANY OF SAN FRANCISCO, as Administrator with the Will Annexed of the Estate of John R. Hite, Deceased, et al., Respondents.

HUSBAND AND WIFE—AGREEMENT. RELEASING CLAIM OF WIFE AGAINST PROPERTY OF HUSBAND—ACTION TO CANCEL—RETURN OF CONSIDERATION.—In an action by an alleged widow against the estate of a person claimed by her to have been her husband, to set aside, on the ground of fraud, an agreement between them whereby she, in consideration of a sum of money paid her, released all claims against him and all her present and future interest in his community property, and all interest as heir at law, or otherwise, in or against his estate after his death, the complaint must allege the return, or an offer to return, the consideration paid her. A mere offer in the complaint to credit the amount so paid on the share of his estate that might be awarded to her as his widow is insufficient.

ID.—ESTOPPEL OF WIFE—VACATION OF JUDGMENT DENYING MARITAL RELATION.—Such agreement, until set aside, would estop the alleged widow from claiming any part of the estate of her alleged husband; and, if no right to set it aside is shown, an action cannot be maintained by her, against parties claiming under his will, to vacate a judgment alleged to have been fraudulently obtained, which denied her a divorce from him on the ground that she was not and never had been his wife.

ID.—JUDGMENT WHEN NOT VACATED.—Equity will never interfere to vacate a judgment where the party seeking the relief could not possibly derive any benefit from the relief sought.

APPEAL from a judgment of the Superior Court of the City and County of San Francisco.  J. M. Seawell, Judge.

The facts are stated in the opinion of the court.

Stanton L. Carter, for Appellant.

E. W. McGraw, Titus & Creed, E. B. Young, and F. A. Denicke, for Respondents.

SHAW, J.—In the court below, upon sustaining the demurrer of certain of the defendants to the amended complaint, judgment was given in favor of said defendants against the plaintiff. The plaintiff appeals.

We think the judgment is not to be construed as a judgment in favor of all the defendants, but only in favor of those whose demurrer to the complaint had been sustained as therein recited. Hence the objection that the judgment was in favor of the other defendants and was consequently irregular is without foundation.

The complaint states facts upon which the plaintiff seeks a decree vacating a judgment against her in favor of one John R. Hite and declaring void certain agreements between her and said John R. Hite. The only points which it is necessary to notice may be presented by a brief outline of the facts stated in the voluminous complaint. Plaintiff alleges that she intermarried with John R. Hite in the year 1872, that said marriage remained in full force until the death of John R. Hite, which event occurred on April 18, 1906, that in 1898 plaintiff began an action in the superior court of Mariposa County against Hite for a divorce and a division of the community property, that Hite answered denying the marriage relation; that on April 28, 1900, she was fraudulently induced to and did, execute an agreement with Hite to release all her interest in his property and all claims against him, upon payment to her by him of the sum of twenty-one thousand dollars, which agreement, however, does not appear to have been performed by either party; that on April 29, 1901, she was by Hite fraudulently induced to and did execute another agreement with him, whereby, in ·consideration of sixteen thousand dollars then paid to her, she released all claims against him and all her present and future interest in his community property, and all interest as heir at law, or otherwise, in or against his estate after his death, that thereafter, at a date not stated, the

divorce action was tried and judgment was given therein that she was not and never had been the wife of said Hite and that she take nothing by said action, and that this judgment also was obtained by fraud. The prayer is that these agreements be adjudged null and void and that the judgment be vacated. The facts constituting the alleged frauds by which it is claimed the plaintiff was led to execute said agreements and by which said judgment was obtained are fully set forth. It is unnecessary to state them at length.

There is no allegation that the plaintiff has ever returned or offered to return the sixteen thousand dollars received by her in consideration of the agreement of April 29, 1901. She makes no offer to return it in her complaint. The only offer she makes is that, in the event she is successful in this suit and should ultimately be found entitled to receive, as widow of John R. Hite, a share of his estate, she will credit the sixteen thousand dollars as a part of such share, taking only the balance, if any there be. This is not a sufficient offer. The action, so far as the agreements are concerned, is an action to rescind them. If the agreements were set aside and the judgment vacated, she would not, *ipso facto,* be entitled to a share as widow. The question would be merely reopened for further investigation of her marital *status* toward John R. Hite, of the nature and amount of his estate, and of the effect of his will, which gives nothing to the plaintiff. She may not succeed in obtaining any part of the estate, even if she should succeed in the present suit. No reason why the money was not returned before the beginning of this suit, or why an offer to return it was not made, is stated. Her offer, aforesaid, is futile and insufficient to uphold her action to rescind that agreement. (Civ. Code, sec. 1691; *Kelley* v. *Owens,* 120 Cal. 507, [47 Pac. 369, 52 Pac. 797]; *Westerfield* v. *New York etc. Co.,* 129 Cal. 84, [58 Pac. 92, 61 Pac. 667]; *Matteson* v. *Wagoner,* 147 Cal. 744, [82 Pac. 436]; *Hill* v. *North P. Ry. Co.,* 113 Fed. 919, 51 C. C. A. 544.) The agreement of April 28, 1900, was not carried out, and the averments regarding it are material only upon the question of fraud in procuring the second agreement and the judgment.

This obstacle to the maintenance of any action to rescind or annul the agreement of April 29, 1901, is also fatal to the case so far as it is an action to set aside the judgment in

Hite *v.* Hite. That was an action for divorce. When John R. Hite died, the marriage was dissolved and the divorce action, if then pending, or if now reopened, would necessarily abate and would fail because its subject-matter, the marriage relation, had ceased to exist. (*Kirschner* v. *Dietrich,* 110 Cal. 502, [42 Pac. 1064]; *Smith* v. *Smith,* 124 Cal. 653, [57 Pac. 573]; *Begbie* v. *Begbie,* 128 Cal. 155, [60 Pac. 667].)

The only thing left for dispute between Lucy Hite, conceding her to be the widow of John R. Hite, and the defendants, who claim under his will, would be the respective interests of the parties in his estate. If plaintiff could establish her *status* as his lawful wife at the time of his death, she would be entitled to a widow's share in the community property. But the effect of the agreement aforesaid was to release and extinguish all the rights she then had in his property as his wife, and all she might thereafter have as his widow. It completely estops her from claiming any part of his property, or right therein of any kind, after his death as well as before. As she has shown no right to have this agreement set aside or disregarded, it follows that she fails to show that the setting aside of the judgment would give her any right or interest in the property, the only remaining subject of the litigation. Equity will never interfere to vacate a judgment where the party seeking the relief could not possibly derive any benefit from the relief sought. The defendants have no interest in her mere personal *status,* unless it could affect the property which they hold. As it cannot do that, no cause of action against them is shown. (*Bell* v. *Thompson,* 147 Cal. 693, [82 Pac. 327]; *Whitney* v. *Kelly,* 94 Cal. 153, [28 Am. St. Rep. 106, 29 Pac. 624].)

There are several other objections which the respondent contends would justify the ruling of the court below sustaining the demurrer. It is urged that the superior court of San Francisco could not entertain a suit to vacate the judgment of the superior court of Mariposa County; that the action, being an action for divorce, the death of Hite would discontinue it as to the property regardless of the effect of the agreement of release; that no ability to prove the marriage relation is shown, even if a new trial were granted; that the action is barred by the statute of limitations and laches; and that the complaint is uncertain in many material particulars.

In view of our conclusions above stated it is not necessary to pass upon these objections and we express no opinion concerning them.

The judgment is affirmed.

Angellotti, J., Lorigan, J., Sloss, J., Melvin, J., and Henshaw, J., concurred.