[L. A. No. 3931. Department One.—April 19, 1915.]

In the Matter of the Estate of THOMAS B. EMERSON, Deceased, COLLINS P. EMERSON, Appellant; MINNIE C. EMERSON, Respondent.

NEW TRIAL—NEWLY DISCOVERED EVIDENCE—RULES GOVERNING MOTION FOR.—Motions for new trials on the ground of newly discovered evidence are looked upon by the courts with distrust and disfavor, and should not be granted by trial courts unless the new evidence is such as to make it reasonably probable that it would change the result upon another trial. The moving party must state in his affidavits facts which show that he exercised reasonable diligence from the beginning in endeavoring to discover the evidence before the first trial. The decision of the questions involved on such motions rests in the sound discretion of the trial court, and its decision will not be reversed on appeal unless an abuse of that discretion clearly appears.

ID.—DESTROYED WILL—REFUSAL OF NEW TRIAL IN PROCEEDING TO PROBATE.—Tested by the foregoing rule, the supreme court cannot disturb the order in the present case denying a motion for a new trial, made on the ground of newly discovered evidence, of a proceeding, under section 1339 of the Code of Civil Procedure, to admit to probate a will which the appellant alleged was destroyed after the death of the decedent, and the probate of which had been denied.

APPEAL from an order of the Superior Court of Los Angeles County refusing a new trial. Fred H. Taft, Judge.

The facts are stated in the opinion of the court.

Fred N. Arnoldy, and Irwin, White & Rosecrans, for Appellant.

Hanson, Hackler & Heath, James W. Miller, and John E. Carson, for Respondent.

SHAW, J.—The appeal is from an order denying appellant's motion for a new trial made upon the ground of newly discovered evidence.

The proceeding was an application under section 1339 of the Code of Civil Procedure, by Collins P. Emerson, a brother of the decedent, to admit to probate a will, which, it is alleged, was destroyed after the death of the decedent. The court made findings that the provisions of the alleged will were not proven by two credible witnesses; that the proposed document was not the will of the decedent; that there were no witnesses to the document, and that it was not written, signed, or dated by the decedent himself.

The decision of the appeal is controlled by the well established rules that the courts look with distrust and disfavor upon motions for new trials based on the ground of newly discovered evidence, that such motions should not be granted by trial courts unless the new evidence is such as to make it reasonably probable that it would change the result upon another trial, that the moving party must state in his affidavits facts which show that he exercised reasonable diligence from the beginning in endeavoring to discover the evidence before the first trial, that the decision of these questions rests in the sound discretion of the trial court and that its decision will not be reversed on appeal unless an abuse of that discretion clearly appears.

Tested by these rules, we are satisfied that the order of the court below cannot be disturbed. The petitioner testified that he saw the alleged will before its destruction and copied it, that it was destroyed in his presence by the widow, and that it was holographic in character. The widow testified that the document was not signed by the decedent and that it was partly printed. The testimony of each of them was contradictory and unsatisfactory in itself. The new evidence consisted of the testimony of Mrs. Manz, a niece of the decedent, who deposed that he showed it to her shortly before his death while he was visiting her in Illinois, and that she read it.

She performed a remarkable feat of memory in stating the contents of the will, nearly three years afterwards, giving it in the identical words of the copy which the petitioner testified he had made. She wrote a letter to the petitioner about three months after the death of Emerson, saying that on his visit to Illinois Emerson had said to her that he had his matters fixed before he left California, and asking petitioner if he "had found anything," but saying nothing of having seen or read a will. The petitioner, although he received this letter nine months before the trial, made no inquiry of Mrs. Manz about the matter at any time. He wrote two letters to the widow regarding the alleged will, before he filed the petition for probate, in which he referred to the contents of the will in a manner showing that he was relying on his memory entirely and indicating very clearly that he did not copy it, as he testified he had, and that he had no copy. In these letters he gave the contents of the will, in part, and professedly from memory. But his version there given was materially different from the proffered copy which he now claims he then had in his possession. These circumstances, and others not mentioned here, tend to discredit the alleged newly discovered evidence and also the evidence given at the trial relating to the contents of the proposed will. It must also be remembered that the judge of the court below had seen the witnesses and could best determine their relative credibility. We cannot say that the court below abused its discretion in denying the motion.

The order is affirmed.

Sloss, J., and Lawlor, J., concurred.