[Crim. No. 1898. First Appellate District, Division Two.—September 4, 1936.]

THE PEOPLE, Appellant, v. JOHN GAINFORT et al., Respondents.

U. S. Webb, Attorney-General, and Seibert L. Sefton, Deputy Attorney-General, for Appellant.

John B. Ehlen for Respondents.

STURTEVANT, J.—This is an appeal from an order purporting to dismiss an indictment. The defendants have interposed motions to dismiss the appeal. We will first consider the order purporting to dismiss the indictment.

After title of court and cause, the indictment is as follows:

"Conspiracy to Violate Section 531 of the Penal Code of the State of California.

"The said defendants, John Gainfort, Isabel Gainfort and Nicholas Barron, are accused by the Grand Jury of the County of Marin, State of California, by this indictment of the crime of 'Conspiracy to Cheat and Defraud Persons of Property,' in violation of Section 182 of the Penal Code of the State of California, a felony, committed prior to the finding of this indictment and as follows, to wit:

"That, at a time and place to the Grand Jurors unknown, the said John Gainfort, Isabel Gainfort and Nicholas Barron did unlawfully, wilfully, wrongfully and feloniously combine, conspire and agree between themselves, and with divers other persons, whose names to the Grand Jurors are unknown, to bring about the execution of a fraudulent conveyance by the said John Gainfort to the said Isabel Gainfort of all his, the said John Gainfort's right, title and interest in and claim to, or arising out of, the lands, tenements,

hereditaments, goods and chattels constituting and being the estate of Thomas Sherwood Gainfort, deceased, the father of the said John Gainfort, with intent on the part of the said co-conspirators, then and there, and thereby to deceive and defraud others and to defeat, hinder and delay the creditors of the said John Gainfort of their just debts, damages and demands in violation of Section 154 and Section 531 of the Penal Code of the State of California, and, thereafter, and in furtherance of the objects of the conspiracy and during the existence thereof, one or more of the said co-conspirators did commit the following overt acts at the times and places hereinafter alleged, towit:

### "OVERT ACT I

"That on the 9th day of December, 1933, the said Nicholas Barron visited, conferred, conspired and schemed with the defendant John Gainfort at the California State Prison located at San Quentin, Marin County, California.

### "OVERT ACT II

"That on the 13th day of December, 1933, the said Nicholas Barron delivered or caused to be delivered to James B. Holohan, Warden of the California State Prison located at San Quentin, Marin County, California, at said prison, a certain document in writing, signed by said Nicholas Barron, requesting that the said John Gainfort be permitted to execute a certain Deed of Assignment transferring and assigning to Isabel Gainfort all of the right, title and interest of the said John Gainfort in and to the said estate of said Thomas Sherwood Gainfort, deceased.

### "OVERT ACT III

"That on the 16th day of December, 1933, the said John Gainfort executed and acknowledged and delivered and caused to be delivered a certain Deed of Assignment transferring and assigning to Isabel Gainfort all of the right, title and interest of the said John Gainfort in and to the said estate of said Thomas Sherwood Gainfort, deceased.

### "OVERT ACT IV

"That on or about the 9th day of December, 1933, in the County of Marin, State of California, the said John Gainfort did send a letter to Mr. James B. Holohan, Warden of

the California State Prison located at San Quentin, California.

"All of which is contrary to the form of statute in such case made and provided and against the peace and dignity of the People of the State of California."

On January 17, 1936, at the time the defendants were being arraigned, each filed a written motion in substance as follows:

"The above named defendant, JOHN GAINFORT, hereby moves the court to strike the indictment herein from the files of this court, to dismiss, quash and vacate said indictment, and to abate all proceedings herein upon the following grounds:

"1. That the Grand Jury which returned said indictment was not organized, impaneled and returned in pursuance of law, and was not, and is not, a validly, legally or constitutionally constituted Grand Jury;

"2. That said indictment was not returned by said Grand Jury in pursuance of law.

"The reason why said Grand Jury was, and is not, a validly, legally or constitutionally constituted Grand Jury, and why said indictment was not returned in pursuance of law is as follows, towit: One of the members of said alleged Grand Jury towit: Mrs. Margaret Williams, was not included in the order of this court, dated January 10, 1935, designating the persons who were selected and listed as Grand Jurors during the year 1935, and until a new list should be provided.

"For the aforesaid reason, and for the further reason that it appears on the face of the indictment herein that the offense attempted to be charged thereby is barred by the statute of limitations, the defendant, John Gainfort, objects to the jurisdiction of this court to proceed with any further matters herein, and moves the court for an order discharging him from all charges herein, and for an order abating all proceedings herein.

"That the said motion and objection will be based upon all the records and files in this proceeding, and upon such other and further evidence, both oral and documentary, which may be offered at the hearing of this motion."

On February 1, 1936, the clerk's minute entry is as follows: "This matter coming on *ex parte* for argument on motion to set aside indictment and on the matter of stipulation heretofore made. The District Attorney appearing for the People and John B. Ehlen appearing for the defendant Gainfort and the defendant Barron appearing *in propria persona*.

"After argument of Counsel it was by the Court ordered that the matter be submitted on briefs."

On March 11, 1936, the clerk made the following entry: "This matter having been heretofore submitted, it is by the Court ordered that the Indictment be dismissed on the ground that the offense charged is a misdemeanor." Then on April 3, 1936, the clerk made another entry as follows: "This matter having been heretofore submitted on motion to dismiss. It was by the Court ordered that the motion to dismiss be granted.

"The District Attorney being in Court now gives oral notice of appeal and requests the Court that this order and notice be made *nunc pro tunc*. It was so ordered by the Court as of the date of March 11th, 1936."

The record before us does not disclose that in the trial court any attack was made on the minute entry dated April 3, 1936. In support of the judgment of the trial court, in the absence of a showing to the contrary, it must be presumed the entry dated April 3, 1936, is a true and correct copy of the order made by the trial court and that it was the final order. (*Galvin* v. *Palmer,* 134 Cal. 426, 428 [66 Pac. 572].)

 As to what documents or evidence was offered in support of the motion made by the defendants the record is wholly silent. In the absence of any showing to the contrary we are not at liberty to assume for the purpose of reversing the judgment of the trial court that any evidence, oral or documentary, was introduced; but, under such circumstances we must assume each allegation of fact contained in the defendants' motions was supported by legal evidence. (8 Cal. Jur. 569.)

 The defendants on April 30, 1936, served and filed a notice of motion to dismiss the appeal. That notice stated it would be based on the ground that the plaintiff had neither filed nor presented the application prescribed by

section 7 of rule II of the Rules of the Judicial Council. In their brief defendants say section 7 was intended to be section 6. If so, the motion must be denied because section 6 is silent as to applications.

Later the defendant Gainfort served and filed a supplementary notice that his motion to dismiss would also be based on the ground that he had no notice whatsoever " . . . of the alleged hearing in the superior court of Marin County on the 3d day of April, 1936. . . . " On that date no hearing was had. According to the record the sole proceeding on that date was the making of a ruling by the trial court on the motions theretofore presented to said court. The motion to dismiss is without merit and is denied.

We pass now to a consideration of the appeal on its merits. The plaintiff contends that the trial court dismissed the indictment on the ground that the offense charged was a misdemeanor and outlawed by the statute of limitations. That contention is not sustained by the record. As we have shown above the minute entry of April 3, 1936, is the sole evidence before us of the order made by the trial court. It does not purport to state the ground on which the trial court granted the motion, but states the ruling in general terms. In legal effect it was a judgment (1) that the grand jury which returned such indictment was not a legally constituted grand jury; (2) that the indictment was not returned by said grand jury in pursuance of law; and (3) that the offense attempted to be alleged was barred by the statute of limitations. Conceding, but not deciding, that the third ground was an erroneous conclusion of law, it is patent that the concession does not help the plaintiff. The first and second assignments fully supported the ruling of the trial court.

It follows that the order appealed from should be and it is affirmed.

Nourse, P. J., concurred.