[Civ. No. 11181.   First Appellate District, Division Two.—February 27, 1940.]

LYN MARTIN, a Minor, etc., et al., Respondents, v. THE BOARD OF TRUSTEES OF THE LELAND STANFORD JUNIOR UNIVERSITY, Appellant.

482

Redman, Alexander & Bacon and Herbert Chamberlin for Appellant.

Frederick W. Kant, Lionel W. Browne and Allan H. Fish for Respondents.

STURTEVANT, J.—The appeal is by the defendant The Board of Trustees of the Leland Stanford Junior University, a corporation, from an order made after judgment, dated May 8, 1939, and entitled, "Order to strike purported judgment from files, to strike from files notice of entry of judgment filed November 21, 1938, and to enter judgment in conformity with court's minute order". And the appeal is presented on a printed transcript containing a bill of exceptions.

Plaintiffs in the action were Lyn Martin, a minor, and her father, William Martin. On behalf of the daughter, the complaint sought compensatory damages in the sum of $25,000 for personal injuries received while she was a patient at a hospital conducted by this appellant in San Francisco. On behalf of the father, the complaint sought consequential damages in the sum of $1451.86 for medical, nursing, and hospital expenses for the minor daughter. Negligence was ascribed to the acts of two doctors (defendant Frederick Dovey Fellows and defendant John Adolph Bacher) as employees at the hospital.

A jury trial was had in August, 1935, before Judge Walter Perry Johnson. During the course of the trial a motion for a directed verdict was made by this appellant and denied. A similar motion was made by Dr. Fellows and denied. On August 28, 1935, two verdicts were returned by the jury— one for the daughter in the sum of $5,000 against Dr. Fellows

and this appellant—and the other for the father in the sum of $1250 against the same defendants.

Prior to the entry of judgment this appellant moved for judgment notwithstanding the verdict under section 629 of the Code of Civil Procedure. A similar motion was made by Dr. Fellows. Judge Johnson decided these motions on May 14, 1938. He then granted the motion of this appellant but denied the motion of Dr. Fellows. At the same time, he filed an opinion stating his conclusions and the reasons therefor. The minute order was as follows:

"In this action it is by the Court ordered, that, for the reasons stated in the opinion filed herein on this day, the motion of defendant, the Board of Trustees of the Leland Stanford Jr. University, for judgment in its favor notwithstanding the verdicts be, and the same is hereby granted and that the motion of defendant Frederick Dovey Fellows for judgment in his favor notwithstanding the verdicts be, and the same is hereby denied without prejudice to any further proceedings available to him and that judgment, pursuant to the verdicts heretofore rendered herein, be entered against said last named defendant."

No judgment was entered in the action until October 1, 1938, when the clerk entered the judgment pursuant to the verdicts in favor of plaintiffs and against Dr. Fellows. It is identified in the record as the judgment entered in volume 444 of Judgments at page 417. On November 21, 1938, the clerk entered judgment in favor of this appellant and against the plaintiffs. It is identified in the record as the judgment entered in volume 448 of Judgments at page 151. Notice of entry of this latter judgment was given to plaintiffs and filed on November 21, 1938.

In April, 1939, the plaintiffs gave notice of a motion to strike the purported judgment from the files, to strike from the files the notice of entry of judgment, filed November 21, 1938, and to enter a judgment in conformity with the court's minute order. The motion was noticed on the following grounds: The record did not contain a final judgment conforming to the minute order of May 14, 1938; the record contained two separate judgments; the law demanded and contemplated but one final judgment in the action; the judgment of November 21, 1938, did not indicate the grounds upon which judgment notwithstanding the verdict was ordered; the

record should be corrected to state the truth and make the clerk's entry of judgment conform to the judgment actually rendered.

No affidavit accompanied the notice of motion; it was noticed upon the files and records in the action.

Judge Fitzpatrick granted the motion on May 8, 1939. The order decreed: "Now, therefore, it is hereby ordered, adjudged and decreed that the judgments entered in the above-entitled cause, respectively in Volume 444 of Judgments, Page 417, under date of October 1, 1938, and in Judgment Book Volume 448, at Page 151, under date of November 21, 1938, and the Notice of Entry of Judgment filed November 21, 1938, be stricken from the records, and that judgment be entered by the Clerk in conformity with the Minute Order of the above-entitled Court, made and entered on the 14th day of May, 1938, which said Minute Order reads as follows [quoting it]."

The present appeal is prosecuted from the foregoing order. The notice of appeal was duly filed on May 12, 1939.

The defendant contends that the order made May 8, 1939, cannot be sustained on the ground that two separate judgments were entered in the action. That contention is clearly sustained by the ruling stated in *Cole* v. *Roebling Const. Co.*, 156 Cal. 443, 448, 449 [105 Pac. 255] ; *Frazzini* v. *Cable*, 114 Cal. App. 444, 453, 454 [300 Pac. 121] : *Shea* v. *City of San Bernardino*, 7 Cal. (2d) 688 [62 Pac. (2d) 365]. The plaintiffs cite and rely on 1 Freeman on Judgments, fourth edition, 38. The defendant does not question the rule stated in the passage so quoted but calls to our attention that said passage is not applicable in the present case. The distinction is well founded. Said section deals solely with interlocutory judgments.

In its next point the defendant asserts that the order cannot be sustained on the ground the clerk's entry of the judgment did not conform to the judgment actually rendered. It calls attention to the fact that the order dated May 14, 1938, was a ruling on a motion for judgment notwithstanding the verdict; that it presented solely a question of law; that no findings were necessary; and that the statements of reasons for the ruling were no part of the judgment. Continuing it asserts the clerk entered a full and complete judgment reciting the judgment ordered and that

the reasons therefor are no part of a judgment. That is the general rule. (1 Freeman on Judgments, 5th ed., p. 5; 15 R. C. L. 570 and 596; 33 C. J. 1104.) It has been followed in this state from an early date. (*Burke* v. *Table Mountain Water Co. & Laforge,* 12 Cal. 403, 408.) That case is particularly helpful as it also shows the reason for the rule. A judgment properly drawn is *res judicata* as to the issues determined, but it is not as to the reasons on which it may be based. If one would claim that the judgment as rendered was limited he should show, by words therein, such as "dismissed without prejudice", "without prejudice to an action at law", etc.; but he may not predicate the contention of limitation on reasons expressed in the opinion rendered by the trial court, oral or written (*Martin* v. *Evans,* 85 Md. 8 [36 Atl. 258, 60 Am. St. Rep. 292, 36 L. R. A. 218]; *Magarian* v. *Moser,* 5 Cal. App. (2d) 208, 210 [42 Pac. (2d) 385]) ; nor by the findings and conclusions unless they were carried into the judgment. (*Neilsen* v. *Neilsen,* 216 Cal. 150, 152 [13 Pac. (2d) 715].)

The plaintiffs reply to the last point by asserting a court has the power to correct its records to make them speak the truth. But they do not show wherein the judgments entered in 1938 did not speak the truth. The denial of the motion made by Dr. Fellows was in strict compliance with the order made May 14, 1938. The notice of entry of judgment dated November 21, 1938, was regular in every respect. The judgment in favor of this defendant entered in volume 444 of Judgments at page 417, was also regular in all respects except it did not enumerate the reasons stated in the opinion ordering the judgment. But, as we have shown above, said reasons constituted no part of the judgment.

Furthermore, the clear wording of the minute order dated May 14, 1938, contained no order that the judgment should be so drawn as to state the reasons on which it was based. In ordinary practice, at the termination of a hearing, frequently the judge presiding reviews the facts and the law and states his conclusions orally or in writing. In doing so the trial court sometimes uses language in effect: *"For the reasons stated in this summary* the motion is granted or the motion is denied", as the case may be. The language in italics is sometimes expressly used but, if not, it is implied. That was the purport of the order made May 14, 1938. It contained

no words showing that an order was to be made different from the orders made in the ordinary and usual practice. It follows there was no error in the record to be corrected and therefore no basis for making the order appealed from.

The plaintiffs recite the fact that the trial court on May 8, 1939, made an order striking the judgments from the files. They then argue that such order is not appealable as an order made after final judgment because the judgments had been stricken out. If the order were operative, the contention might have substance. But the defendant appealed from that order and it was thereby stayed. (Code Civ. Proc., sec. 949.) It follows that the judgments are in effect and will so remain unless said order is affirmed. *Galvin* v. *Palmer*, 134 Cal. 426 [66 Pac. 572], contains nothing in conflict with what we have said.

The order appealed from is reversed.

Spence, J., concurred.

A petition by respondents to have the cause heard in the Supreme Court, after judgment in the District Court of Appeal, was denied by the Supreme Court on April 25, 1940. Carter, J., voted for a hearing.