[Civ. No. 34199. Second Dist., Div. Two. Dec. 30, 1969.]

JAMES D. PAGE, Plaintiff and Respondent, v.
INSURANCE COMPANY OF NORTH AMERICA,
Defendant and Appellant.

**124**

**COUNSEL**

Archbald, Zelezny & Spray, Malcolm Archbald and Kenneth L. Moes for Defendant and Appellant.

Hathaway, Clabaugh & Perrett and E. E. Clabaugh, Jr., for Plaintiff and Respondent.

**OPINION**

**HERNDON, J.**—Defendant Insurance Company of North America, hereinafter referred to as "INA," appeals from an order entered October 4, 1968, setting aside a judgment dismissing this action. The judgment of dismissal was rested upon the ground that the first amended complaint upon which plaintiff-respondent had elected to stand, failed to state facts -sufficient to constitute a cause of action. This order setting aside the judgment and granting respondent leave to file a second amended complaint was made some twenty months after the entry of the judgment of dismissal and approximately eight months after the decision of Division One of this court in *Page* v. *Insurance Co. of North America,* 256 Cal.App.2d 374 [64 Cal.Rptr. 89], affirming the judgment of dismissal.

The order under review was granted by the court below after a hearing upon the petition of respondent entitled "Petition for Writ of Coram Nobis." As we shall point out later in more detail, this order was sought and granted upon the ground that in July of 1968, after the affirmance of the judgment of dismissal, respondent had discovered new evidence upon the basis of which, as the court below apparently concluded, he could plead a cause of action. The order reads as follows:

"The petition of plaintiff for a Writ of Coram Nobis, having been heard and submitted to the Court and the Court having considered same, now causes to be filed its Memorandum of Opinion and ordering that the judgment heretofore entered on January 20, 1967 in Judgment Book 66 at Page 110 is set aside and plaintiff is allowed fifteen days from this date in which to file a second amended complaint."

The decision in *Page* v. *Insurance Co. of North America, supra,* begins by reciting the fact that the judgment of dismissal then under review had been entered after a demurrer to plaintiff's first amended complaint had been sustained with leave to amend and after plaintiff had filed his written election to stand on said complaint. The opinion further recites the fact that this action had arisen out of an accident in which three automobiles allegedly had been involved, one of them being plaintiff's, the second being the vehicle operated by the defendant Pickell, and the third being the so-called "phantom vehicle." The opinion states the basic problem then presented and summarizes the allegations of the first amended complaint as follows:

"One of the three automobiles involved (referred to subsequently as 'Car Three') has never been identified. Recovery from INA being sought under the uninsured motorist provisions of plaintiff's policy with that company, the basic problem is whether under the facts as pleaded a named defendant (Pickell), the operator of Car Two, and certain Doe defendants as operators and owners of Car Three, properly qualified as uninsured motorists as defined in section 11580.2, Insurance Code.

"According to the complaint as last amended, the accident occurred in the following manner: plaintiff was driving his vehicle in a southeasterly direction on a designated highway; defendant Pickell was also driving his vehicle (Car Two) in the same direction on that highway. A certain 'phantom vehicle' (Car Three) crossed the center line of the subject highway while being operated in a northwesterly (or opposite) direction. To avoid colliding with the 'phantom vehicle' Pickell 'deliberately and negligently' drove his car into plaintiff's, causing the damages complained of. While it is alleged that its operator was negligent, there is no allegation of any physical contact of the 'phantom vehicle' with either of the other two cars involved as expressly provided in the governing statute." (P. 376.)

Further in the course of the decision of the former appeal in this case the court discusses and rejects plaintiff's contentions to the effect that the requirements of section 11580.2 of the Insurance Code were fulfilled by the alleged fact that the accident was proximately caused by the negligent operation of the phantom car. Having previously pointed out that there was neither allegation nor contention that there had been any physical contact, direct or indirect, by the phantom vehicle with either of the other two vehicles involved in the accident, the court stated its conclusion as follows:

"The subject terminology [in section 11580.2] being incapable of the interpretation claimed by plaintiff, our duty is clear. Here there was no

physical contact of any character, direct or indirect; nor can we extend or torture the ordinary meaning of the language used unless we assume (which we cannot do) that the Legislature did not know what it was saying and did not mean what it said. The court in *People* ex rel. *Hamilton* v. *City of Santa Barbara,* quoting from *Anderson* v. *I. M. Jameson Corp.,* 7 Cal.2d 60, 67 [59 P.2d 962], said: ' " 'This court has no power to rewrite the statute so as to make it conform to a presumed intention which is not expressed. This court is limited to interpreting the statute, and such interpretation must be based on the language used.' " ' (205 Cal.App.2d 501, 504 [23 Cal.Rptr. 240].)" (Pp. 379-380.)

Plaintiff sought to employ concurrently two separate procedural devices for the purpose of avoiding the finality of the judgment of dismissal and of its affirmance on appeal. On the same day that he filed his "Petition for Writ of Coram Nobis" in the trial court, he filed in the Court of Appeal his "Application to Recall Remittitur." The petition filed in the trial court was supported by the same affidavits that were filed in support of the application seeking recall of the remittitur.

The ground upon which the indicated relief was sought in the trial court and in the appellate court was the same, namely, that subsequent to the affirmance of the judgment of dismissal, plaintiff had taken the deposition of the codefendant Pickell and thereby had discovered "new facts formerly unavailable and unknown to exist which will establish contact within the meaning of the uninsured motorists provisions of plaintiff's policy."

As stated in respondent's brief herein, the sum and substance of "the newly discovered evidence concerning contact" is found in the following excerpt from a declaration of the defendant Pickell: "That in July of 1968 during the depositions and a very detailed inquiry into the accident, I revealed to E. E. Clabaugh, Jr., attorney for Mr. Page, that as the [unidentified] vehicle crossed the center line and proceeded almost broadside, that vehicle was propelling rocks and other material which struck my car and also the Page vehicle. I believe the rocks or other material cracked Mr. Page's windshield."

On August 19, 1968, the Court of Appeal denied plaintiff's application to recall the remittitur. Approximately six weeks later on October 4, 1968, the trial court granted plaintiff's petition and made the order from which this appeal is taken.

The sequence of events in the unusual procedural history of this case is indicated by the following chronology:

June 25, 1965: Date of accident.

June 21, 1966: Date of filing original complaint.

| | |
|---|---|
| August 31, 1966: | First amended complaint filed. |
| October 12, 1966: | Demurrer of INA filed. It should be noted that as of this time defendant Pickell had appeared in the case and was represented by counsel. |
| November 14, 1966: | Demurrer sustained with leave to amend. |
| January 11, 1967: | Plaintiff filed election to stand on first amended complaint. |
| January 20, 1967: | Judgment of dismissal filed. |
| February 20, 1967: | Plaintiff served and filed notice of appeal. |
| November 27, 1967: | Court of Appeal decision affirming judgment filed. (*Page* v. *Insurance Co. of North America, supra.*) |
| January 24, 1968: | Petition for hearing denied by the Supreme Court. |
| January 31, 1968: | Remittitur filed. |
| July 18, 1968: | Deposition of defendant Pickell taken by plaintiff. |
| August 5, 1968: | Petition for Writ of *Coram Nobis* filed in trial court. |
| August 5, 1968: | Application to Recall Remittitur filed in Court of Appeal. |
| August 19, 1968: | Application to Recall Remittitur denied. |
| October 4, 1968: | Petition for *Coram Nobis* granted and order made vacating judgment and allowing plaintiff to file a second amended complaint. |

*Appealability of the Order of October 4, 1968*

■ Plaintiff's contention that the order from which this appeal is taken is nonappealable is so clearly mistaken that it deserves only very brief discussion. Since this order was made after the judgment of dismissal from which plaintiff took his unsuccessful appeal had become final, it obviously is "a special order made after final judgment" within the meaning of former section 963, subdivision 2 of the Code of Civil Procedure and certainly it is an order after a judgment made appealable by subdivision (a) of section 904.1 of the Code of Civil Procedure within the meaning of subdivision (b) of the same section which superseded section 963 effective November 13, 1968.

It has been held repeatedly that orders of this character are appealable. as special orders made after final judgment. (*Harth* v. *Ten Eyck,* 12 Cal. 2d 709 [87 P.2d 693]; *Yarbrough* v. *Yarbrough,* 144 Cal.App.2d 610 [301 P.2d 426]; *Martin* v. *Board of Trustees,* 37 Cal.App.2d 481 [99 P.2d 684]; *Phelan* v. *Superior Court,* 35 Cal.2d 363 [217 P.2d 951]; 3 Witkin, Cal. Procedure (1963) § 25, p. 2170.)

**128**

*Trial Court Jurisdiction And Propriety of Remedy Invoked*

Appellant has presented plausible arguments and has cited authorities in support of its contention that in view of the order of the Court of Appeal denying respondent's application to recall the remittitur following the adverse decision on the former appeal, the trial court lacked power to grant the same relief which the appellate court had denied, especially since the same identical ground was asserted, and the same factual showing was made in both courts. (Cf. *Darlington* v. *Basalt Rock Co.,* 188 Cal.App.2d 706 [10 Cal.Rptr. 556].)

The same observation may be made with respect to the contention that this appeal is governed by the rule stated in 4 Cal.Jur.2d, Appeal and Error, section 681, page 581, that "after affirmance of a judgment the trial court cannot vacate the judgment, permit the plaintiff to amend his complaint, and proceed with the trial of the case. The litigation is ended . . ." (Cf. *Kirby* v. *Superior Court,* 68 Cal. 604 [10 P. 119]; and *Heinlen* v. *Beans,* 73 Cal. 240 [14 P. 855].)

We have concluded, however, that appellant's other major contentions hereinafter considered are so clearly valid and, accordingly, that a reversal of the order is so definitely required by well settled rules that we need not decide the issues with respect to jurisdiction and the availability of the remedy invoked in view of the peculiar facts and circumstances of the instant case.

*The Record Demonstrates That Plaintiff Failed To Exercise The Diligence Which Is An Indispensable Prerequisite To The Granting Of Equitable Relief In Cases Of This Kind.*

No precedent has been cited in which a judgment has been set aside after its affirmance on appeal on the basis of a showing in any way comparable to that made by plaintiff-respondent in this case. A review of the decisions dealing with motions for a new trial, motions for relief under section 473 of the Code of Civil Procedure and with petitions for writ of *coram nobis* made on the ground of newly discovered evidence reveals that a far stronger showing of diligence on the part of the party seeking relief has been uniformly required.

The wholly unexplained failure of plaintiff, during the extended pleading stage of this case, to take the deposition of the defendant Warren Pickell, the only available witness at the scene of the accident other than plaintiff himself, constitutes a classic example of inexcusable neglect.

An indispensable condition of equitable relief from a judgment is the plaintiff's freedom from negligence or other fault contributing to the rendition of the judgment against him. He must allege and prove (1)

a satisfactory excuse for not having discovered the facts prior to the entry of the judgment; and (2) diligence in seeking relief after discovery of the facts. (See Rest. Judgments, § 129; *Hammell* v. *Britton,* 19 Cal.2d 72, 80 [119 P.2d 333]; *Wilson* v. *Wilson,* 55 Cal.App.2d 421, 427 [130 P.2d 782]; *Rudy* v. *Slotwinsky,* 73 Cal.App. 459, 465 [238 P. 783]; *Harpke* v. *Lankershim Estate,* 101 Cal.App.2d 49, 50 [224 P.2d 899]; 3 Witkin, Cal. Procedure (1954) § 78, p. 2133.)

■ Because of the policy of the law that final judgments ought not to be set aside lightly on unsubstantial grounds, both from the standpoint of fairness and from the standpoint of the orderly administration of justice, the claim of newly discovered evidence has not been looked upon with favor and a strong showing of the essential requirements has been demanded. (*Estate of Emerson,* 170 Cal. 81, 82 [148 P. 523].) It has been held repeatedly that if a party knows of an important witness and fails to explain his failure to produce his testimony at the trial or to seek a continuance in order to obtain it, a new trial should not be granted. (*Broads* v. *Mead & Cook,* 159 Cal. 765, 768 [116 P. 46, Ann.Cas. 1912C 1125]; *Estate of Shepard,* 221 Cal.App.2d 70 [34 Cal.Rptr. 212].) In the last cited decision we quoted as follows from *Akopiantz* v. *Board of Medical Examiners,* 190 Cal.App.2d 81, 93 [11 Cal.Rptr. 810]: "Coupled with this well-settled principle is the policy of the law that the claim of newly discovered evidence as a ground for a new trial is uniformly looked on by the courts with distrust and disfavor. It is said that public policy requires a litigant to exhaust every reasonable effort to produce at his trial all existing evidence in his behalf."

The same policy and the same principles applicable to a timely motion for a new trial surely should apply a fortiori to a tardy petition to set aside a judgment after its affirmance on appeal.

■ As indicated in our chronological outline, the accident in question occurred in June of 1965. Thereafter appellant advised plaintiff that coverage was being denied by reason of the absence of any physical contact between the phantom vehicle and either of the other two vehicles involved in the accident. Plaintiff's original complaint was filed in June of 1966. A demurrer to that complaint was sustained on the indicated ground. Thereafter appellant's demurrer to plaintiff's first amended complaint was likewise sustained.

Notwithstanding that plaintiff's counsel had been made fully aware of the requirements of Insurance Code section 11580.2, the record is devoid of any showing by plaintiff that he made any timely effort to discover the existence of evidence which might establish some substitute for direct physical contact with the phantom vehicle. Our decision in *Inter-Insur-*

*ance Exchange* v. *Lopez,* 238 Cal.App.2d 441 [47 Cal.Rptr. 834], dealing with a case of indirect physical contact, had been filed on November 29, 1965.

It appears that plaintiff told his attorney at the outset that he "did not think there was any striking of the so-called phantom vehicle with the vehicle of Warren Pickell or any other vehicle involved in the accident." According to his declaration, defendant Pickell had informed "the law enforcement officers and other parties" that the unidentified "vehicle swept by and was very close to me but did not strike me."

It is self-evident that if this known source of information had been questioned prior to the time that plaintiff elected to stand on his first amended complaint, he would have learned precisely the same facts that he claims to have discovered a year and a half later, after the judgment of dismissal had been affirmed, when he tardily took the deposition of the defendant Pickell. In his declaration defendant Pickell avers that he went to Vietnam in March of 1967, but there is no suggestion that he was not available for the taking of his deposition at any time between June 21, 1966, the date of the commencement of the action, and January 11, 1967, when plaintiff filed his election to stand on his first amended complaint.

*It Must Be Held As A Matter of Law That Even If Plaintiff's First Amended Complaint Were Deemed Augmented By An Allegation Of The Fact Which The Newly Discovered Evidence Would Tend To Prove, It Still Would Not State A Cause Of Action.*

█ A valid judgment will not be set aside merely because it was obtained by fraud or mistake in order to give the barren right to an adversary hearing. The plaintiff must *plead and prove* that he has a meritorious case, i.e., a good claim or defense which, if asserted in a new trial, would be likely to result in a judgment favorable to him. (*Hite* v. *Mercantile Trust Co.,* 156 Cal. 765, 768 [106 P. 102]; *Wilson* v. *Wilson, supra,* 55 Cal. App.2d 421, 427; *Huron College* v. *Yetter,* 78 Cal.App.2d 145, 150 [177 P.2d 367]; 3 Witkin, Cal. Procedure (1954) § 77, Attack on Judgment in Trial Court, pp. 2131-2132.)

"Equitable relief from a judgment will be granted only when, and to the extent that, the judgment has deprived the complainant of something to which he is equitably entitled." (Rest., Judgments, § 130.)

█ Section 11580.2 of the Insurance Code, as amended in 1961, sets forth three separate conditions, all of which must be established to qualify a phantom vehicle as an uninsured motor vehicle. (*Inter-Insurance Exchange* v. *Lopez, supra,* 238 Cal.App.2d 441.) One of these essential

conditions is stated in paragraph (1) of subdivision (b) of that section as follows: "The bodily injury has arisen out of physical contact of such automobile with the insured or with an automobile which the insured is occupying."

The only reasonable and permissible interpretation of the quoted statutory provision is that the bodily injury must have been caused by the physical contact. In *Truck Ins. Exch.* v. *Webb,* 256 Cal.App.2d 140, 145 [63 Cal.Rptr. 791], the court was concerned with the interpretation of a provision of an insurance policy agreeing to pay damages "arising out of the use" of an automobile. The court said: "Although the word 'use' must be given an all-inclusive connotation, there must be a causal connection between the use and the injury."

In *Inter-Insurance Exchange* v. *Lopez, supra,* 238 Cal.App.2d at page 444, we stated: "If the physical contact requirement of the statute could be satisfied by merely showing that the hit-and-run vehicle was the proximate cause of the accident, then this provision would be largely written out of the statute. We are unwilling to do this, for the protection against phantom-car frauds would be diluted and the door reopened to the abuses found to have arisen prior to the 1961 amendments."

In the final analysis, plaintiff in this case has alleged only that the phantom vehicle was the proximate cause of the accident notwithstanding that it made no physical contact with either of the other two vehicles. To add the allegation that the phantom vehicle threw up dust and rocks which contacted the vehicles of Pickell and Page would add nothing whatsoever to plaintiff's complaint for the reason that there is no claim that the rocks or other material contributed as a proximate cause of the collision. There is no claim that the rocks or other material caused any bodily injury. Giving the newly discovered evidence the benefit of a questionable assumption of credibility, it tends to prove nothing more than a form of symbolic touching. It would add nothing more substantial to plaintiff's claim than would an allegation that the transfer of compressed air from the phantom vehicle to one or the other of the vehicles involved in the accident was sufficient to satisfy the requirement of physical contact.

The order is reversed.

Roth, P. J., and Wright, J., concurred.

Respondent's petition for a hearing by the Supreme Court was denied February 25, 1970. Peters, J., was of the opinion that the petition should be granted.