Daniel G. Albert, J.
This motion to stay a demand for arbitration is predicated on the theory that the respondent failed to demonstrate that the personal injuries sustained by him resulted from actual physical contact with a “ hit-and-run ” car.
On February 3, 1963, the respondent was driving his vehicle on Glen Cove Road in Nassau County, New York, when his car skidded on the icy pavement and plowed head long into a snow bank at the edge of the road. The car remained in that position for about five minutes as the respondent attempted to remove the snow from about the right front wheel. While the respondent was so engaged, an unidentified vehicle struck the rear end of his car, and propelled it over his body. The respondent thereafter filed due and timely notice of intention to make claim *858 against petitioner, Motor Vehicle Accident Indemnification Corporation, for the injuries sustained by him, and in the course of such proceeding served a demand on petitioner to arbitrate his claim. The petitioner now moves to vacate the demand.
The respondent in this proceeding is an “ insured ” person who derives his rights from the uninsured motorist indorsement attached to the automobile liability insurance policy covering the vehicle he was operating at the time (Matter of Balletti v. Motor Vehicle Acc. Ind. Corp., 16 A D 2d 814). The indorsement defines the term ‘ ‘ hit-and-run ’ ’ vehicle to mean ‘ ‘ an automobile which causes bodily injury to an insured arising out of physical contact of such automobile which the insured is occupying at the time of the accident. ’ ’ The term 1 ‘ occupying ’ ’ under the indorsement means “in or upon or entering into or alighting from ”. Section 617 of article 17-A of the Insurance Law contains almost the identical language, and in addition makes its provisions applicable to “ insured ” and “ qualified ” persons alike.
The decisions construing section 617 of the Insurance Law and the indorsement provisions have followed the language employed literally, and have required actual physical contact between the offending vehicle, and the claimant. In addition, they have refused to allow recovery based on the theory that the injury was proximately caused by the ‘ ‘ hit-and-run ’ ’ car (Matter of Portman [MVAIC], 33 Misc 2d 385; Matter of Bellavia (MVAIC], 28 Misc 2d 420; Matter of MVAIC [Comerchero], 34 Misc 2d 52). However, there is one decision indicating that an infant who fell or jumped from the rear of an ice cream truck might be considered an “ occupant ” thereof, although his injury resulted from contact with the payment (Flores v. MVAIC, 32 Misc 2d 884). In this proceeding, the respondent also contends that he is an “occupant” of his vehicle within the provisions of the uninsured motorist indorsement.
While the court agrees with petitioner that a reading of section 617 — which refers to both insured and qualified persons— leads to the conclusion that indorsement as well as the statutory provisions must be construed literally, it does not find that such an interpretation precludes a recovery by respondent. Both section 617 and the indorsement by the employment of the disjunctive word “ or ” give the status of an occupant to four categories of persons, viz.: one who is either in or upon or entering into or alighting from an automobile. Similar language used in another type policy has been interpreted to permit a recovery by a person physically outside a car but actually touch *859 ing or upon the vehicle (see Lokos v. New Amsterdam Cas. Co., 197 Misc. 40, affd. 197 Misc. 43; Katz v. Ocean Acc. & Guar. Corp., 202 Misc. 745), and it cannot be assumed that the Legislature intended a different construction to be made in this situation without so indicating.
On this proceeding, however, the court is unable to determine the exact position of respondent’s body at the time of the accident. Aside from the general statement made by the respondent that111 was digging the snow away from the right front wheel ’ there are no facts disclosed to the court which permit a finding that his body was or was not upon the car. The establishment by the respondent of his status as an occupant is a condition precedent to his right to proceed to arbitration of his claim, and that preliminary issue must be determined by the courts rather than the arbitrators (Matter of MVAIC [Stein], 35 Misc 2d 1007). Such determination must be reached at a hearing rather than on the affidavits presented so that the petitioner may have the opportunity to cross-examine the respondent.
The motion is accordingly granted to the extent of staying the demand for arbitration pending a hearing and determination of the issue of whether the respondent was an occupant of the vehicle within the provisions of the policy indorsement.