[Civ. No. 28687.   Second Dist., Div. Two.   Nov. 29, 1965.]

INTER-INSURANCE EXCHANGE OF THE AUTOMOBILE CLUB OF SOUTHERN CALIFORNIA, Plaintiff and Respondent, v. FELICITAS LOPEZ et al., Defendants and Appellants.

442

Leonard H. Pomerantz and Jack Corinblit for Defendants and Appellants.

Gilbert, Thompson & Kelly and Jean Wunderlich for Plaintiff and Respondent.

FLEMING, J.—Appeal from a declaratory judgment establishing an insurer's nonliability under the uninsured motorist provisions of an automobile insurance policy.

Lopez was driving the insured automobile, and was struck by an automobile from across the center divider driven by Clements. Clements had been struck by a third vehicle, which threw his car into the path of the Lopez automobile. The third vehicle continued on its way, and its identity is unknown. For purposes of this action it was stipulated that the act of the hit-and-run vehicle was a proximate cause of the accident.

The policy covering the Lopez vehicle contained the uninsured motorist coverage required by Insurance Code, section 11580.2. It provided, in statutory terms, that the insurer would pay all sums which the insured would become legally entitled to recover as damages for bodily injury from the owner or operator of an uninsured motor vehicle. An uninsured motor vehicle included a hit-and-run automobile "which causes bodily injury to an insured *arising out of physical contact of such automobile with the insured or with*

*an automobile which the insured is occupying. . . ."* (Italics added.)

The sole issue is whether there was physical contact between the hit-and-run vehicle and the Lopez automobile so as to bring the accident within the coverage of the policy. Interinsurance, the insurer, sought a judicial declaration of nonliability under the policy on the ground that there had been no physical touching between the hit-and-run vehicle and the insured automobile. The trial court accepted this view and declared that Interinsurance was not obligated on the policy.

To put the case abstractly, Car X hit Car B and propelled it into Car C. Car X fled the scene of the accident and is unknown. The act of Car X was a proximate cause of the accident. Can Car C recover from its insurer under the uninsured motorist provisions of its policy?

The uninsured motorist coverage imposed by Insurance Code, section 11580.2 is California's response to the problem of the financially irresponsible motorist. (Comment, 48 Cal. L.R. 516.) By requiring all policies to contain uninsured motorist coverage (or an express waiver) the Legislature attempted to broaden the protection of innocent drivers against negligent and financially irresponsible motorists. (Report of Traffic Accident Consequences Subcommittee, Assembly Journal Appendix, Reg. Session, 1959, Vol. 3, pp. 14-15.)

The original law in 1959 did not specify any requirement for physical contact between vehicles. (Stats. 1959, ch. 817, § 1.) The law was amended in 1961, however, to impose three limitations on the coverage against a hit-and-run automobile: there must have been physical contact with the unknown vehicle, the accident must have been reported to the police within 24 hours, and a claim must have been filed with the insurer within 30 days. (Stats. 1961, ch. 1189, § 2.) These amendments, as the trial court noted, were designed to curb fraud, collusion, and other abuses arising from claims that phantom cars had caused accidents which, in fact, had resulted solely from the carelessness of the insured. For example, a driver who fell asleep and hit a telephone pole might claim he had swerved off the road to avoid being hit by an unidentified vehicle. The provision requiring physical contact with the unknown vehicle was added to the statute in order to eliminate such fictitious claims. (Chadwick, *Califor-*

*nia's Uninsured Motorist Statute,* 13 Hast. L.J. 194, 197-198.)

Appellants suggest that we are dealing with a sequence of events set in motion by the hit-and-run vehicle which proximately caused physical contact with the insured vehicle, and that proof of proximate causation satisfies the statutory requirement for physical contact. They rely on familiar tort doctrines which establish a defendant's liability for all consequences which follow the setting in motion of a causal force, when no new force intervenes. (Prosser, Torts (3d ed.) § 50, pp. 303-304.) We think this argument proves too much. For example, if Car X had swerved in front of Car B causing it to lose control and strike Car C, then the act of Car X would have been the proximate cause of the accident without having touched either Car B or Car C. If the physical contact requirement of the statute could be satisfied by merely showing that the hit-and-run vehicle was the proximate cause of the accident, then this provision would be largely written out of the statute. We are unwilling to do this, for the protection against phantom-car frauds would be diluted and the door reopened to the abuses found to have arisen prior to the 1961 amendments. In our view the question of proximate cause is largely irrelevant to the determination whether or not physical contact occurred. Our conclusion is reinforced by a series of New York cases which reject the proximate cause argument and enforce the physical contact requirement of a similar statute. (*Bellavia* v. *Motor Vehicle Acc. Indem. Corp.,* 28 Misc.2d 420 [211 N.Y.S.2d 356]; *In re Portman's Petition,* 33 Misc.2d 385 [225 N.Y.S.2d 560, 562]; *Motor Vehicle Acc. Indem. Corp.* v. *Oppedisano,* 39 Misc.2d 857 [241 N.Y.S.2d 613, 615].)

However, appellants also argue that physical contact goes beyond a literal touching of Car X and Car C to include instances in which Car X physically propels an object or substance into Car C. Since the object has touched both Car X and Car C, appellants argue there has been physical contact between Car X and Car C of a type long recognized in other situations. The question becomes one of how far to extend the concept of direct touching. If Car X had lost a wheel and the wheel had hit Car C, this would clearly be direct physical touching of Car C by a part of Car X. If Car X had hit a rock and propelled it into Car C, this would be a touching of Car C by an object directly set in motion by Car X. (Cf. *Maness* v. *Life & Casualty Ins. Co.,* 161 Tenn. 41 [28

S.W.2d 339].) If Car X had been driven so as to intentionally splash water onto C this would be a sufficient touching of C to make an offensive contact amounting to battery. (Rest.2d, Torts, § 18.)

We find the common-law concept of battery helpful in analyzing the meaning of physical contact and in defining the extent to which physical contact may properly be extended. In common-law battery, defined as the wilful touching of the person of another, actual touching was an essential element of the tort and the remedy was an action of trespass *vi et armis*. The idea of direct touching comprehended any forcible contact brought about by an object or substance thrown or launched or set in motion by a defendant. A touching which resulted from an instrument directly set in motion by a defendant was a direct application of force and fully satisfied the requirement of bodily contact. By contrast, indirect contacts were not classified as batteries at common law but merely as actionable wrongs whose remedy was an action for trespass on the case. This distinction between direct contact brought about by the application of force and indirect contact brought about by other means has been aptly summarized in Prosser on Torts (3d ed.) pages 28-29:

"Trespass was the remedy for all forcible, direct and immediate injuries, whether to person or property—or in other words, for the kind of conduct likely to lead to a breach of the peace by provoking immediate retaliation. Trespass on the case, or the action on the case, as it came to be called, developed somewhat later, as a supplement to the parent action of trespass, designed to afford a remedy for obviously wrongful conduct resulting in injuries which were not forcible or not direct. The distinction between the two lay in the immediate application of force to the person or property of the plaintiff, as distinguished from injury through some obvious and visible secondary cause. The classic illustration of the difference between trespass and case is that of a log thrown into the highway. A person struck by the log as it fell could maintain trespass against the thrower, since the injury was direct; but one who was hurt by stumbling over it as it lay in the road could maintain, not trespass, but an action on the case."

We think when the Legislature established the requirement of physical contact in the present law, it intended to make a distinction between a direct and an indi-

rect application of force similar to that which the common law had earlier found useful in distinguishing between trespass and case. In our view a direct application of force, as by Car X striking Car B and forcing it to hit Car C, qualifies as physical contact within the meaning of the statute.

We are reinforced in this conclusion by considering the purpose of the Insurance Code as a whole. Insurance Code, section 11580.2, is one facet of the entire financial responsibility law (*Interinsurance Exchange* v. *Ohio Casualty Ins. Co.*, 58 Cal.2d 142, 153 [23 Cal.Rptr. 592, 373 P.2d 640]) which is designed to protect persons injured on the highways through no fault of their own. (*Continental Casualty Co.* v. *Phoenix Construction Co.*, 46 Cal.2d 423, 434 [296 P.2d 801, 57 A.L.R.2d 914]; Comment, 48 Cal.L.R. 516.) The requirements of physical contact and notice are intended to prevent frauds, not to lessen the coverage extended to innocent motorists. ▋ We believe the physical contact requirement, designed to prevent false claims, should not be extended to defeat recovery in cases where fraud clearly does not exist. (Aguilar, *Uninsured Motorist Coverage,* 36 State B.J. 205, 207-208; Chadwick, *California's Uninsured Motorist Statute*, 13 Hast.L.J. 194, 197-198.) As our Supreme Court has repeatedly stated: ''The pattern is clearly discernible; a desire on the part of the judiciary and the Legislature to not only prevent the astronomical accident toll in this state, but to also provide compensation for those injured through no fault of their own.'' (*Interinsurance Exchange* v. *Ohio Casualty Ins. Co.*, 58 Cal.2d 142, 154 [23 Cal.Rptr. 592, 373 P.2d 640].)

▋ We hold that where an unknown vehicle has struck a second vehicle and caused it to strike the insured vehicle, there is physical contact between the unknown vehicle and the insured vehicle within the meaning of the uninsured motorist endorsement.

Judgment reversed.

Roth, P. J., and Herndon, J., concurred.

Respondent's petition for a hearing by the Supreme Court was denied January 26, 1966.