18786

Franklin C. COKER, Administrator of the Estate of Dolly Brown Coker, Respondent, v. NATIONWIDE INSURANCE COMPANY, Appellant.

(161 S. E. (2d) 175)

*Messrs. Nelson, Mullins, Grier & Scarborough,* of Colum-
bia, *for Appellant,*

*Messrs. Monteith, Monteith & Lydon,* of Columbia, *for Respondent,*

May 1, 1968.

LEWIS, Justice:

The South Carolina Motor Vehicle Saftety Responsibility Act requires that each automobile liability insurance policy issued in the State provide uninsured motorist coverage. Such insured motorist coverage includes damages caused by a vehicle whose owner or operator is unkonwn, if there was "physical contact with the unknown vehicle." Sections

46-750.31 and 46-750.34, 1967 Supplement to 1962 Code of Laws. The question in this case is whether a collision between an insured's vehicle and a vehicle with which an unknown motorist was racing constitutes such "physical contact" with the unknown vehicle as to permit recovery under a policy of insurance issued in conformity with the foregoing statute.

We are concerned here with Section 46-750.34, the pertinent portion of which is as follows:

"If the owner or operator of any motor vehicle which causes bodily injury or property damage to the insured be unknown, there shall be no right of action or recovery under the uninsured motorist provision, unless

(1) * * *

(2) The injury or damage was caused by physical contact with the unknown vehicle,

(3) * * *."

The parties are in agreement as to the facts. The defendant Nationwide Insurance Company issued to Robert Larry Coker an automobile liability insurance policy which, in conformity with the statute, denied recovery for damages caused by a motorist whose identity is unknown unless the injury or damage was caused by physical contact with the unknown vehicle. The insured was injured and his wife was killed in an accident which occurred on December 4, 1964 on Highway 378, in Lexington County, South Carolina, when the automobile driven in a prudent manner by the insured, in an easterly direction, with his wife a passenger, was involved in a head-on collision with an automobile driven by one James Arthur Shealy. At the time, two vehicles, one driven by Shealy and the other by a driver whose identity cannot be ascertained, were racing and proceeding in a westerly direction, meeting the insured. The Shealy vehicle ran head on into the insured's automobile, but there was no contact between the vehicle of the unknown driver and that of the insured or with any other vehicle. The un-

known driver left the scene and his identity cannot be determined nor can the vehicle driven by him be located.

Although the unknown vehicle did not strike the insured's automobile, it is conceded that, since it was racing with Shealy at the time, both the unknown driver and Shealy were jointly and concurrently liable for the damages resulting from the injuries to the insured and his wife. *Skipper v. Hartley,* 242 S. C. 221, 130 S. E. (2d) 486, 13 A. L. R. (3d) 426.

The plaintiff, Robert Larry Coker, and Shealy were both insured under policies issued to them by defendant Nationwide. Defendant's liability under the Shealy policy has been settled. The present appeal involves actions for declaratory judgment brought by plaintiffs, Robert Larry Coker and the administrator of his wife's estate, to have determined the validity of claims asserted by them under the uninsured motorist provisions of the policy of the plaintiff Coker for the injury and damage caused by the unknown motorist. The defendant denied liability for the claims on the ground, among others, that there was no coverage afforded under the uninsured motorist provisions of the policy because there was no "physical contact" between the insured's vehicle and that of the unknown driver within the meaning of Section 46-750.34, supra, and the conforming policy provisions. The defendant interpreted the "physical contact" provision of the statute to require actual contact of the unknown vehicle with that of the insured or some other vehicle or thing involved in the accident.

The plaintiffs on the other hand took the position, sustained by the lower court, that the statute did not require *actual* contact with the unknown vehicle, and that the admitted presence and participation by the unknown driver in the race which caused the collision met the "physical contact" provision of the statute and policy. The lower court, in reaching this conclusion, reasoned (1) that the acts of each participant in the automobile race were in legal contemplation the acts of both, and when the Shealy car struck

the insured's vehicle, it was the same as if it had been struck by the unknown vehicle; (2) that the participation by the unknown driver in the race *caused* the Shealy car to strike the insured; and (3) the admitted presence of the unknown vehicle eliminated any possibility of a fraudulent claim. We think the lower court was in error.

Prior to the adoption in 1963 of Section 46-750.34, as an amendment to the Motor Vehicle Safety Responsibility Act, there was no statutory provision requiring physical contact with an unknown vehicle in order to establish liability under the uninsured motorist provision. *Pulliam v. Doe,* 246 S. C. 106, 142 S. E. (2d) 861. This provision of the statute was undoutedly adopted to curb fraud, collusion and other abuses arising from the assertion of claims that phantom vehicles had caused accidents. As stated in *Motor Vehicle Accident Indemnification Corporation v. Eisenberg,* 18 N. Y. (2d) 1, 271 N. Y. S. (2d) 641, 644, 218 N. E. (2d) 524, 526: "The assertion of a hit and run accident is a proposition easy to allege and difficult to disprove. Absent protective legislation, it opens the door to abuse including fraud and collusion. Who is to say, for example, that a driver who falls asleep at the wheel of his car and runs off the road was not in fact caused to run off the road by a hit and run driver, or that two cars involved in an accident were not caused to collide by a third hit and run car, if that is in fact what the drivers allege. The problem, however, virtually disappears with the requirement of 'physical contact.' Proof that a hit and run vehicle did in fact exist is then clearly available for, as 'physical contact' almost invariably produces visible evidence of impact, the possibility of a 'phantom' hit and run driver becomes minimal."

The right to recover for the negligence of an unknown motorist is determined, under the plain terms of the present statute, by whether or not the injury or damage was caused by *physical contact* with the unknown vehicle. Nowhere does the statute state or imply that the physical contact requirement may be met by proof that there

was in fact an unknown driver and vehicle nor by proof that the unknown vehicle caused the accident. In the words of the statute, there is "no right of action or recovery under the uninsured motorist provision, unless * * * the injury or damage was caused by physical contact with the unknown vehicle." The parties agree that there was no contact between the unknown vehicle and any other vehicle involved in the collision. The absence of any such contact is fatal to the present claim.

Plaintiffs argue however that, since the present statute was designed to eliminate fraud and, under the agreed facts in the case, there can be no fraudulent claim, the policy provision should not be extended to cover a case where fraud clearly does not exist. It was agreed that the Shealy car, with which plaintiffs collided, was racing with an unknown vehicle at the time. The admission that the unknown vehicle was present and racing with the Shealy car is simply an admission that the accident was proximately caused by the participation of the unknown driver in the race. It is not an admission that there was physical contact with the unknown vehicle. The reasonableness of the claim that there was an unkown driver and vehicle involved is of no consequence under the statute if physical contact is absent.

It is further contended that, since the presence or existence of the unknown driver and vehicle was admitted, there was no phantom automobile and, in reality, no unknown vehicle. This argument simply ignores the plain terms of the statute. There was in this case a driver whose identity could not be ascertained and a vehicle which could not be located. The admission that there was such a driver and vehicle did not make the driver or vehicle any less *unknown* within the meaning of the statute. The term *unknown,* as used in the statute, refers to the *identity* of the driver and the vehicle. We therefore have an unknown driver and vehicle to which uninsured motorist coverage is sought to be extended where, admittedly, there was no physical contact between the unknown vehicle and any vehicle involved in the accident—a situation clearly excluded by the statute.

The statute makes proof of physical contact a condition precedent in every case for the recovery of damages caused by an unknown driver and vehicle. There are no exceptions. If it is advisable that the statute be changed, the solution lies within the province of the Legislature. We have no right to legislate the provision from the statute or to modify its application under the guise of judicial interpretation. See: *Page v. Insurance Co. of North America,* Cal. App., 64 Cal. Rptr. 89.

Cases have been cited where the vehicle driven by the unknown motorist struck another vehicle and knocked it into the vehicle of the insured. *Inter-Insurance Exchange of The Automobile Club of Southern California v. Lopez,* 238 Cal. App. (2d) 441, 47 Cal. Rptr. 834, and *Motor Vehicle Accident Indemnification Corp. v. Eisenberg, supra,* 18 N. Y. (2d) 1, 271 N. Y. S. (2d) 641, 218 N. E. (2d) 524. Whether or not such would satisfy the physical contact provisions of our statute is not involved in this case. Here there was no contact between the unknown vehicle and any other vehicle involved in the collision.

Reversed and remanded for entry of judgment in favor of defendant.

Moss, C. J., and BRAILSFORD, BUSSEY, and LITTLEJOHN, JJ., concur.