Veronica **LOUTHIAN**, Appellee,

v.

**STATE FARM MUTUAL INSURANCE COMPANY**, Appellant.

No. 73–1791.

United States Court of Appeals, Fourth Circuit.

Submitted Sept. 14, 1973.

Decided Dec. 18, 1973.

Rehearing Denied March 25, 1974.

Samuel C. Craven, Charleston, S. C., on brief for appellee.

Joseph W. Cabaniss, Grimball & Cabaniss, Charleston, S. C., on brief for appellant.

Before HAYNSWORTH, Chief Judge, and FIELD and WIDENER, Circuit Judges.

PER CURIAM:

This case is before this court on a motion for summary affirmance of a decision of the district court awarding plaintiff judgment in the amount of Ten Thousand Four Hundred and Five Dollars ($10,405). We affirm.

Veronica Louthian was injured in an automobile accident while a passenger in a vehicle owned and operated by one Inez Weeks Spaulding. Spaulding was insured under a liability policy issued by State Farm Mutual Insurance Company.

The accident occurred when an unidentified hit-and-run driver struck an automobile driven by one Pearl C. Goude, causing her vehicle to strike the auto occupied by Louthian. There was no direct physical contact between the unidentified vehicle, which fled the scene of the accident, and the vehicle in which Louthian was a passenger.

Louthian instituted suit in the state courts of South Carolina against Goude and the unknown driver of the hit-and-run auto, identified for the purposes of the suit as John Doe. A verdict was rendered against John Doe for $10,000 actual damages and $405 costs. Demand was thereupon made on State Farm for the amount of the judgment on the ground that as the insurer of the vehicle in which Louthian was riding, it was responsible to her for injury caused by unidentified hit-and-run motorists. State Farm refused payment. An action to enforce the judgment was then brought in the district court, and summary judgment was rendered for Louthian. State Farm appeals.

The crux of this action is the construction of the South Carolina Uninsured Motorists Statute and a provision of the insurance policy issued by State Farm. Both provide that before an insurance company is liable for injury caused by a hit-and-run driver, there be "physical contact" between the unknown vehicle and the insured vehicle. Here, the unknown vehicle did not hit the Spaulding auto, but struck only the Goude auto, propelling the latter vehicle into the car driven by Spaulding. The question to be decided is whether the "physical contact" requirements of the statutory or policy provisions are met by such indirect contact between a hit-and-run vehicle and a claimant's vehicle.

The South Carolina Supreme Court has not yet decided this precise issue. The only state court decision directly on point is a decision by the Charleston County Court. That action arose out of the same facts which occasioned this litigation. It concerned the attempt of Inez Weeks Spaulding to force payment by State Farm of a damage award she had secured against John Doe. There, the court strictly construed the requirement of "physical contact." It held that since Spaulding's vehicle had come into contact only with the Goude auto, and not with the hit-and-run vehicle itself, State Farm was not liable for her damages.

■ The district court below, though obligated to follow the substantive law of South Carolina under Erie Railroad Co. v. Tompkins, 304 U.S. 64, 58 S.Ct. 817, 82 L.Ed. 1188 (1938), did not consider itself bound by the decision of the Charleston County Court in the *Spaulding* case. We agree that the decision of that lower state court is not persuasive under the applicable facts and law, and hence decline to follow it. *See* 1 Barron & Holtzoff, Federal Practice and Procedure, (Wright Revision, 1960) § 8 at 37–40.

The state court in Spaulding read the decision of the state Supreme Court in Coker v. Nationwide Insurance Company, 251 S.C. 175, 161 S.E.2d 175 (1968) to allow recovery against one's insurance company only when there was "actual physical contact with the unknown vehicle." Spaulding v. State Farm Mutual, Charleston County Court, March 27, 1973. In *Coker*, the plaintiff's auto collided with a second vehicle, whose driver and identity were known. The second vehicle, at the time of the accident, had been racing with a third vehicle, the identity and driver of which could not be ascertained. There was no physical contact between the unknown vehicle and either the second vehicle or with plaintiff's. The court held that the absence of such physical contact was fatal to the plaintiff's claim. However, the court specifically left open the factual situation involved in the present dispute. "Cases have been cited where the vehicle driven by the unknown motorist struck another vehicle and knocked it into the vehicle of the insured. (Citations omitted.) Whether or not such would satisfy the physical contact provisions of our statute is not involved in this case. Here there was no contact between

the unknown vehicle and any other vehicle involved in the collision." Coker v. Nationwide Insurance Co., 161 S.E.2d at 178–179.

▮ Since the state law is not settled, it is the function of the federal courts in this diversity suit to determine what the South Carolina Supreme Court would likely decide if presented with the identical issue. We conclude that Louthian's damage award against John Doe would be enforced against State Farm. A close examination of Coker supports this view. The court noted that "The parties agree that there was no contact between the unknown vehicle and *any other vehicle involved in the collision,*" 161 S.E.2d at 178 (emphasis added), and later repeated "there was no physical contact between the unknown vehicle and *any other vehicle involved in the accident,*" id. (emphasis added). The implication is that if there had been any physical contact between the unknown vehicle and the intermediate vehicle, such contact would have been sufficient under the terms of the statute to bring the uninsured motorist provision into play.

The result we reach is supported by the decisions of the highest court of every jurisdiction which has considered the question raised by this case. Where there has been actual physical contact between the hit-and-run car and an intervening vehicle, each court holds that the "physical contact" requirement of a statute or of an insurance policy has been met. E. g., Inter-Insurance Exchange of Auto. Club of So. Cal. v. Lopez, 238 Cal. App.2d 441, 47 Cal.Rptr. 834 (1965); Motor Vehicle Accident Indemnification Corp. v. Eisenberg, 18 N.Y.2d 1, 271 N.Y.S.2d 641, 218 N.E.2d 524 (1966); State Farm Mutual Auto Insurance Co. v. Spinola, 374 F.2d 873 (5 Cir. 1967). See 25 A.L.R.3d 1299 (1969).

We believe that holding the insurer liable under facts such as these accords with the purposes behind the requirement that physical contact be proved. Such a restriction in both a policy and in a statute is designed to reduce abuses arising from fraudulent claims that phantom vehicles had caused accidents which, in fact, had resulted solely from the carelessness of the insured. For example, a driver who fell asleep and hit a telephone pole might claim he had swerved off the road to avoid being hit by an unidentified vehicle. This problem virtually disappears with the requirement of "physical contact." Here, however, there is no doubt that a genuine hit-and-run driver caused Goude's automobile to be propelled into the vehicle occupied by Louthian. Thus, the rationale for requiring proof of physical contact is satisfied. It is "apparent that the *actual* contact situation is juridically indistinguishable from the situation in the present case. The vehicle which made *actual* contact with [Louthian's] automobile in this case was a mere involuntary intermediary * * *." Motor Vehicle Accident Indemnification Corp. v. Eisenberg, 271 N.Y.S.2d at 643, 218 N.E.2d at 525 (emphasis present in the original).

Accordingly, we dispense with oral argument and grant Louthian's motion for summary affirmance. The judgment of the district court is affirmed.

Affirmed.

## ORDER

FIELD, Circuit Judge.

Shortly after our opinion was filed in this case counsel for appellant filed a petition for rehearing calling to our attention the fact that the companion case of Spaulding v. State Farm Mutual Insurance Company was then pending before the Supreme Court of South Carolina. Realizing that the disposition of that case might well be determinative of the issues on this appeal under South Carolina law which, of course, would be binding upon us under Erie R. Co. v. Tompkins, 304 U.S. 64, 58 S.Ct. 817, 82 L.Ed. 1188 (1938), an order was entered on January 8, 1974, staying the mandate in this case and holding action on the petition for rehearing in abeyance.

In an opinion filed on February 11, 1974, the Supreme Court of South Caro-

lina reached the same conclusion as this court with respect to the construction of the South Carolina Uninsured Motorists Statute. Accordingly, for the reasons stated in our opinion and upon the authority of the decision in Spaulding v. State Farm Mutual Insurance Co., Supreme Court of South Carolina, 202 S.E. 2d 653 (1974), with the concurrence of Chief Judge HAYNSWORTH and Circuit Judge WIDENER, it is ordered that the petition for rehearing be denied, and the Clerk is instructed to issue the mandate.