[Civ. No. 65114. Second Dist., Div. Four. Oct. 20, 1982.]

DEBRA KAREN BOYD, Plaintiff and Appellant, v.
INTERINSURANCE EXCHANGE OF THE AUTOMOBILE CLUB
OF SOUTHERN CALIFORNIA, Defendant and Respondent.

**COUNSEL**

Fazio, McDonnell, Briggs, Ward & Holland, Clinton W. Holland and Dennis E. Nelson for Plaintiff and Appellant.

Garrett & Fisher, and Boyd F. Jensen II for Defendant and Respondent.

**OPINION**

**McCLOSKY, J.**—Appellant Debra Karen Boyd sought to recover damages under the uninsured motorist provision of her automobile policy issued to her by respondent Interinsurance Exchange of the Automobile Club of Southern California. She was injured when she crashed into a building after swerving to avoid being hit by an "uninsured motor vehicle." After submission of the matter to arbitration, appellant's claim against respondent was denied on the ground that there was no "physical contact" between the uninsured motor vehicle and appellant or the vehicle that she was driving. Appellant then petitioned the superior court to vacate the arbitration award and for a rehearing. She now appeals from the nonappealable order denying her petition.[1]

---

[1] On October 14, 1982, pursuant to our order permitting it, a certified copy of the trial court's judgment entered on that date confirming the arbitrator's award, was filed with this court. In the interest of judicial economy, we treat the notice of appeal as an effective, though premature, notice of appeal taken from that judgment.

We must decide whether Insurance Code section 11580.2, subdivision (b)[2] precludes uninsured motorist coverage under the facts of this case.

### FACTS

The facts are undisputed. On October 10, 1979, as appellant was driving westbound on Whittier Boulevard in Whittier, California, approaching Boguardus Avenue, a late model vehicle (hereafter referred to as uninsured motor vehicle) traveling southbound on Boguardus Avenue made a sudden left turn onto eastbound Whittier Boulevard. Appellant swerved to avoid hitting the uninsured motor vehicle, lost control of her vehicle, struck a parked vehicle, and came to rest in a store front on the east side of the street. The uninsured motor vehicle made no physical contact with appellant or her vehicle, and did not stop. Its owner's identity is unknown. Appellant was injured. The accident was witnessed and substantiated by three witnesses.

### DISCUSSION

Section 11580.2, subdivision (b) provides that when the owner of an uninsured motor vehicle is unknown, uninsured motorist coverage will be extended only when "[t]he bodily injury has arisen out of physical contact of such automobile with the insured or with an automobile which the insured is occupying." This section was promulgated to protect persons injured on the highway through the fault of another deemed to be an uninsured motorist. The physical contact requirement, on the other hand, was "designed to curb fraud, collusion, and other abuses arising from claims that phantom cars had caused accidents which, in fact, had resulted solely from the carelessness of the insured." (*Inter-Insurance Exchange* v. *Lopez* (1965) 238 Cal.App.2d 441, 443 [47 Cal.Rptr. 834].)

In the case at bench, it is undisputed that there was no physical contact between the uninsured motor vehicle and appellant or the vehicle that she was occupying. Appellant nevertheless maintains that the absence of physical contact in this particular case should not preclude her from the application of uninsured motorist coverage. She contends that the existence of three corroborating witnesses greatly reduces the possibility of fraud and that, therefore, the enforcement of the physical contact provision would not further the purpose of which it was enacted.[3]

---

[2]All statutory references herein are to the Insurance Code.

[3]In making this contention, appellant relies on the following language from *Inter-Insurance Exchange* v. *Lopez, supra*, 238 Cal.App.2d 441, 443: "The requirements of physical contact and notice are intended to prevent frauds, not to lessen the coverage

This very argument was rejected by the California Supreme Court in *Orpustan* v. *State Farm Mut. Auto. Ins. Co.* (1972) 7 Cal.3d 988 [103 Cal.Rptr. 919, 500 P.2d 119]. The facts in *Orpustan* are strikingly similar to the facts in the present case. The plaintiff in *Orpustan* was injured when his truck went off the highway after he swerved to avoid hitting an automobile that left the scene. At no time did the uninsured motor vehicle come into physical contact with plaintiff or his truck. While the plaintiff himself had no independent recollection of the events surrounding the accident, the accident was observed by one independent eyewitness.[4]

In rejecting plaintiff's argument that the purpose of section 11580.2 would be frustrated by the application of the physical contact requirement, since there was no fraudulent claim, the *Orpustan* court stated: "[Section 11580.2] makes *proof of 'physical contact' a condition precedent in every case* for the recovery of damages caused by an unknown vehicle. *There are no exceptions.*" (Italics added.) (*Orpustan* v. *State Farm Mut. Auto. Ins. Co., supra,* 7 Cal.3d at p. 994.)

The rule of *Orpustan* compels the rejection of appellant's argument. (*Auto Equity Sales, Inc.* v. *Superior Court* (1962) 57 Cal.2d 450, 455 [20 Cal.Rptr. 321, 369 P.2d 937].) We similarly reject appellant's contentions that (1) the physical contact requirement should be applied equitably on a case by case basis and (2) that the determinative factor in extending coverage should be whether fraud is present, rather than whether there is physical contact. These contentions are in direct contravention of the unambiguous language of section 11580.2, subdivision (b) and of the *Orpustan* holding that there can be no recovery under the uninsured motorist provision of an automobile insurance policy unless there be proof of a physical contact.

___

extended to innocent motorists. We believe the physical contact requirement, designed to prevent false claims, should not be extended to defeat recovery in cases where fraud clearly does not exist." (*Id.,* at p. 446.)

*Lopez,* however, is distinguishable from the present case. In *Lopez,* plaintiff's vehicle was actually struck when an uninsured motor vehicle struck a second vehicle causing it to hit plaintiff's vehicle. It was in that factual contact that the *Lopez* court reasoned that the physical contact requirement should not be applied to defeat recovery where fraud does not exist. The *Lopez* court held that there was "direct physical contact" between the uninsured motor vehicle and the plaintiff's vehicle even in the absence of the actual physical contact of the uninsured motor vehicle with the plaintiff's car. The *Lopez* court did not dispense with the physical contact requirement. Hence, appellant's reliance on the above-quoted language from *Lopez* is misplaced.

[4]Appellant contends that *Orpustan* is distinguishable from the present case in that there was only one eyewitness in *Orpustan* while there are three here. We believe the difference in the number of eyewitnesses to be a distinction without import.

Inasmuch as there was no physical contact between the uninsured motor vehicle and appellant or the car she was occupying, we hold that she is precluded from the benefits of the uninsured motorist coverage under section 11580.2, subdivision (b).

Appellant alternatively contends that the elements of causation should be considered over physical contact. This contention is wholly without merit as it is contrary to the case law. "[T]he question of proximate cause is largely irrelevant to the determination whether or not physical contact occurred." (*Inter-Insurance Exchange* v. *Lopez, supra*, 238 Cal.App.2d at p. 444.) As *Orpustan* instructs: "[I]f the physical contact requirement could be satisfied by merely showing that the hit-and-run vehicle was the proximate cause of the accident, this provision would be largely written out of the statute. Thereby, the protection against phantom-car frauds would be diluted and the door reopened to the abuses which motivated the Legislature's imposition of the 'physical contact' requirement to come within the contemplated coverage of the statute.

"The right to recover for the negligence of an unknown motorist is determined, under the plain terms of the statute, by whether or not the 'bodily injury' was caused by 'physical contact.' Nowhere does the statute state or imply that the physical contact requirement may be met by proof that . . . the unknown vehicle caused the accident. . . ." (*Orpustan* v. *State Farm Mut. Auto. Ins. Co., supra*, 7 Cal.3d at p. 993.)

The trial court did not err in denying appellant's petition to vacate the arbitration award and for a rehearing.

The judgment is affirmed.

Woods, P. J., and Amerian, J., concurred.

Appellant's petition for a hearing by the Supreme Court was denied December 15, 1982.