■ In the Matter of AETNA CASUALTY & SURETY COMPANY, Respondent, v MICHAEL J. LOY, Appellant. — Judgment, Supreme Court, New York County (Bowman, J.), entered November 25, 1983, permanently staying the arbitration demanded by respondent against petitioner, unanimously modified, on the law, without costs or disbursements, to strike the first decretal paragraph and, except as thus modified, affirmed.

Respondent, a highway equipment operator with the New York State Department of Transportation, was injured in the course of his employment while operating an asphalt-heating machine, known as an inferay, on the Long Island Expressway. As respondent bent down to light a propane burner on the machine, a car swerved, hit a cone that was marking off the lane where he was working, and then hit the wooden two-by-four that had been placed against the inferay as a windbreaker to keep the propane flame from going out. The two-by-four in turn struck respondent in the eye, causing him to sustain a laceration which required treatment at a hospital. The offending vehicle never stopped and respondent was unable to ascertain its license plate number. At no time did respondent ever report the incident to the police. He did, however, make a claim under the

uninsured motorist endorsement of his automobile insurance policy. After a hearing on the insurer's stay application, Trial Term found that there had not been any physical contact between the hit-and-run vehicle and respondent within the meaning of the New York automobile accident indemnification endorsement, and that respondent failed to report the accident to the police within 24 hours of its occurrence, as required.

Though we agree with Trial Term that arbitration of respondent's uninsured motorist claim must be stayed because of his failure to report the accident to the police or the Commissioner of Motor Vehicles within 24 hours, as required by the endorsement to respondent's policy, which tracks Insurance Law § 5208 (a) (2), we disagree with its finding that there was no physical contact. Physical contact occurred when the inert two-by-four was propelled into respondent as a result of being struck either by the unidentified vehicle or the cone into which the vehicle had initially swerved. The force of the collision was transmitted through either or both of these objects to respondent. (*See, Matter of Smith* [*Great Am. Ins. Co.*], 29 NY2d 116.) Although the result is the same, we modify the judgment accordingly. Concur — Sullivan, J. P., Carro, Asch and Fein, JJ.