[No. B032533. Second Dist., Div. Two. Dec. 23, 1988.]

OANH THI PHAM, Plaintiff and Respondent, v.
ALLSTATE INSURANCE COMPANY, Defendant and Appellant.

COUNSEL

Hiestand & Brandt and Herbert H. Hiestand, Jr. for Defendant and Appellant.

Donald M. Gindy for Plaintiff and Respondent.

OPINION

COMPTON, J.—Plaintiff Oanh Thi Pham commenced a declaratory relief action against defendant Allstate Insurance Company (Allstate) seeking a determination that she was entitled to uninsured motorist benefits under a policy issued by Allstate. The court found in favor of plaintiff. Allstate appeals. We affirm.

The case was tried on an agreed statement of facts which provided, in pertinent part, as follows: "On or about August 29, 1986, plaintiff was an occupant in a 1978 Oldsmobile serial number 3Q35R8C147446 which was insured with defendant under policy number 024740633104632801. [¶] At such time, plaintiff was traveling northbound, when an unidentified dump truck approached plaintiff's vehicle in a southbound direction, as the vehicles passed each other, a rock fell off the truck and bounced on the highway and then penetrated the windshield of the vehicle in which plaintiff was an occupant, striking her and causing bodily injuries. [¶] Plaintiff informed defendants of her claim under the uninsured motorist protection provided under the above-mentioned insurance policy."

Insurance Code section 11580.2, subdivision (a)(1) commands that uninsured motorist coverage must afford protection against injuries resulting from "hit-and-run" drivers. Specifically, it declares that the term "'uninsured motor vehicle' means a motor vehicle with respect to the ownership, maintenance or use of which there is no bodily injury liability insurance or bond applicable at the time of the accident . . . or the owner or operator thereof be unknown, provided that, with respect to an 'uninsured motor vehicle' whose owner or operator is unknown: [¶] (1) The bodily injury has arisen out of physical contact of the automobile with the insured or with an automobile which the insured is occupying." (Ins. Code, § 11580.2, subd. (b).)

In the instant case, Allstate's policy, in slightly different language, provided the coverage mandated by the statute. It provided that Allstate would "pay all damages that an insured person is legally entitled to recover from the owner or operator of an uninsured auto . . ." and that "[a]n uninsured auto is . . . [¶] 3. a hit-and-run *motor vehicle* which causes: a) *bodily injury* to an insured person by physical contact with the insured person or with a vehicle occupied by that person. The identity of the operator and the owner of the vehicle must be unknown. The accident must be reported within 24 hours to the proper authorities. We must be notified within 30 days." (Italics in original.)

The trial court concluded that the definitional language of Allstate's policy encompassed a rock falling from a dump truck. The court stated: "[The policy] doesn't say that the motor vehicle itself has to have physical contact. It just causes physical contact. And if the rock came off the truck, it caused that rock—in effect, it caused physical contact with the insured person. [¶] I think the policy language is clear and unambiguous in that regard. And I have no doubt but that the [Allstate's] automobile policy can expand the coverage covered under the uninsured motorist code and

therefore I don't think it is necessary for me to even construe the language of the statute."

On appeal, Allstate asserts that its policy furnishes plaintiff no more coverage than required by Insurance Code section 11580.2, and that under the case authorities interpreting the statute, a dislodged rock cannot constitute "physical contact" between the unknown vehicle and the insured. We agree that the policy provision is no broader than the statute. Its interpretation is another matter.

As we noted in *Inter-Insurance Exchange* v. *Lopez* (1965) 238 Cal.App.2d 441, 443-444 [47 Cal.Rptr. 834], "The original [uninsured motorist statute] in 1959 did not specify any requirement for physical contact between vehicles. [Citation.] The law was amended in 1961, however, to impose three limitations on the coverage against a hit-and-run automobile: there must have been physical contact with the unknown vehicle, the accident must have been reported to the police within 24 hours, and a claim must have been filed with the insurer within 30 days. [Citation.] These amendments . . . were designed to curb fraud, collusion, and other abuses arising from claims that phantom cars had caused accidents which, in fact, had resulted solely from the carelessness of the insured. . . . The provision requiring physical contact with the unknown vehicle was added to the statute in order to eliminate such fictitious claims. [Citation.]" (See also *Orpustan* v. *State Farm Mut. Auto. Ins. Co.* (1972) 7 Cal.3d 988, 994 [103 Cal.Rptr. 919, 500 P.2d 1119]; *Boyd* v. *Interinsurance Exchange* (1982) 136 Cal.App.3d 761, 763 [186 Cal.Rptr. 443].)

In *Lopez,* a hit-and-run driver struck one Clements, propelling the car driven by Clements into Lopez's vehicle. Finding no physical contact between the unknown driver and Lopez, the trial court declared that there was no coverage. (*Inter-Insurance Exchange* v. *Lopez, supra,* 238 Cal.App.2d 441, 442-443.) On appeal, however, we reversed. In so doing, we observed that "when the Legislature established the requirement of physical contact in the present law, it intended to make a distinction between a direct and an indirect application of force similar to that which the common law had earlier found useful in distinguishing between trespass and [trespass on the] case. In our view a direct application of force, as by Car X striking Car B and forcing it to hit Car C, qualifies as physical contact within the meaning of the statute." (*Id.* at p. 445-446.) We also suggested that "If Car X had lost a wheel and the wheel had hit Car C, this would clearly be direct physical touching of Car C by a part of Car X." (*Id.* at p. 444.)

Here, in an uninterrupted chain, a rock tumbling from the passing dump truck struck the ground and rebounded into the windshield of the

insured vehicle in which plaintiff was an occupant. There was no intervening force to break the chain of causation, nor did the rock first come to rest before colliding with the car. (Cf. *Barnes* v. *Nationwide Mutual Ins. Co.* (1986) 186 Cal.App.3d 541 [230 Cal.Rptr. 800], wherein the court held that a vehicle striking an inert box of dinette chairs which sometime earlier had fallen off a truck did not satisfy the physical contact requirement.)

Allstate, nevertheless, relies on two cases from other jurisdictions which have refused to find that debris from an unknown vehicle can result in physical contact within the meaning of their uninsured motorist statutes. In *Kersten* v. *Detroit Auto. Inter-Insurance Exchange* (1978) 82 Mich.App. 459 [267 N.W.2d 425], the Michigan Court of Appeals held that an insured's collision with a loose tire spinning on the highway did not amount to physical contact because there was insufficient evidence connecting the tire with an unknown vehicle. And, in *Smith* v. *Great American Insurance Co.* (1971) 29 N.Y.2d 116 [272 N.E.2d. 528], the New York Court of Appeals held that physical contact did not occur when ice and snow dislodged from a passing tractor-trailer struck and broke an insured's windshield. As examples of insufficient physical contact, the *Smith* court listed "objects cast off or falling from a speeding or insecurely laden hit-and-run vehicle itself, such as parts of the vehicle or its load." (272 N.E.2d at p. 530, but see J. Bergan's dissent at pp. 532-533; see also *Utica Mut. Ins. Co.* v. *Spenningsby* (1987) 133 A.D.2d 765 [520 N.Y.S.2d 163].)

Like a number of other jurisdictions, however, New York and Michigan case law hold that there is physical contact when an object lying on the highway is set in motion by an unknown vehicle. (See *Aetna Casualty & Surety Co.* v. *Loy* (1985) 108 App.Div.2d 709 [485 N.Y.S.2d 1018]; *Gavin* v. *Motor Vehicle Accident Indem. Corp.* (1968) 57 Misc.2d 335 [292 N.Y.S.2d 745]; *Hill* v. *Citizens Ins. Co. of America* (1987) 157 Mich.App. 383 [403 N.W.2d 147]; see generally, Annot. (1969) 25 A.L.R.3d 1299.) Similarly, in *Southern Farm Bur. Cas. Ins.* v. *Brewer* (Miss. 1987) 507 So.2d 369, the Mississippi Supreme Court found physical contact when a passing truck hit a brake drum lying in the street propelling it into the windshield of plaintiff's car. The court in *Barfield* v. *Insurance Company of North America* (1968) 59 Tenn.App. 631 [443 S.W.2d 482, 486], stated: "[W]hen a wheel of one vehicle hurls an object, such as a stone, into and against another vehicle, this constitutes physical contact between the two vehicles within the meaning of the hit-and-run provision of the uninsured motorists coverage. . . ." (See also *Allied Fidelity Ins. Co.* v. *Lamb* (Ind.App. 1977) 361 N.E.2d 174.)[1]

---

[1] In *Page* v. *Insurance Co. of North America* (1969) 3 Cal.App.3d 121, 131 [83 Cal.Rptr. 44], we refused to find coverage where it was only alleged that the phantom vehicle threw up dust and rocks—ingredients of the roadway itself—which hit the insured's car.

We can discern no logical difference between an object struck and propelled by an unknown vehicle and an object falling from such vehicle.[2]

■ Insurance Code section 11580.2 is remedial in nature. "By requiring all policies to contain uninsured motorist coverage (or an express waiver) the Legislature attempted to broaden the protection of innocent drivers against negligent and financially irresponsible motorists. [Citation.]" (*Inter-Insurance Exchange* v. *Lopez, supra,* 238 Cal.App.2d 441, 443; see also *Firemen's Ins. Co.* v. *Diskin* (1967) 255 Cal.App.2d 502, 505 [63 Cal.Rptr. 177].) The legislation should be liberally construed to effect this goal. (*Security Nat. Ins. Co.* v. *Hand* (1973) 31 Cal.App.3d 227, 233 [107 Cal.Rptr. 439].)

■ We conclude that there is physical contact as required by the statute when either a part of a vehicle or an object which the vehicle is carrying strikes the insured or his vehicle.

The judgment is affirmed.

Roth, P. J., and Fukuto, J., concurred.

Appellant's petition for review by the Supreme Court was denied March 2, 1989.

---

[2] In *Illinois Nat. Ins. Co.* v. *Palmer* (1983) 116 Ill.App.3d 1067 [452 N.E.2d 707], the court found coverage where a lug nut flew off an unknown vehicle and struck the insured's windshield. The *Palmer* court held that Illinois law did not require physical contact with the entire hit-and-run vehicle for recovery. Rather, physical contact with a detached part from the vehicle was sufficient. (See also *Adams* v. *Mr. Zajac* (1981) 110 Mich.App. 522 [313 N.W.2d 347, 349].)