978 F.2d 1257
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
WAUSAU UNDERWRITERS INSURANCE COMPANY, Plaintiff-Appellee,
v.
Nancy Reece HOWSER, Defendant-Appellant.
 No. 90-1424.
 United States Court of Appeals,
Fourth Circuit.
 Argued: October 2, 1990
Decided: November 12, 1992
 
 Appeal from the United States District Court for the District of South Carolina, at Columbia. Karen L. Henderson, District Judge. (CA-88-2942-3-16)
 ARGUED: Charles Edward Hill, Turner, Padget, Graham & Laney, P.A., Columbia, South Carolina, for Appellant.
 Hoover C. Blanton, Whaley, McCutchen, Blanton & Rhodes, Columbia, South Carolina, for Appellee.
 D.S.C.
 Reversed.
 Before ERVIN, Chief Judge, RUSSELL, Circuit Judge, and MICHAEL, United States District Judge for the Western District of Virginia, sitting by designation.
 PER CURIAM:
 
 OPINION
 
 1
 This is a declaratory judgment action instituted by the plaintiff insurer (Wausau Underwriters) against the defendant insured (Howser) for a determination of non-liability under the uninsured motorist provision of a South Carolina insurance policy for injuries sustained by the insured when shot while riding in the insured automobile by an unknown assailant traveling in an uninsured motor vehicle in pursuit of the insured's automobile.
 
 I.
 
 2
 The applicable provisions of South Carolina law require that "[n]o automobile liability policy may be issued or delivered in this State ... unless it contains a provision insuring persons defined as insured against loss from liability imposed by law for damages arising out of the ownership, maintenance, or use of these motor vehicles within the United States or Canada"[1] and," unless it contains a provision by endorsement or otherwise, herein referred to as the uninsured motorist provision, undertaking to pay the insured all sums which he is legally entitled to recover as damages from the owner or operator of an uninsured motor vehicle ... "[2] The application of this uninsured motorist provision is, however, subject to certain conditions, only one of which is relevant in this appeal. The relevant condition is:
 
 
 3
 (2) the injury or damage was caused by physical contact with the unknown vehicle, or the accident must have been witnessed by someone other than the owner or operator of the insured vehicle ....[3]
 
 
 4
 The policy issued herein conformed to these requirement of the South Carolina Insurance Code.
 
 II.
 
 5
 The facts which give rise to this controversy are set forth in the opinion of the district court (727 F. Supp. 999, at 1000-1 (D.S.C. 1990)):
 
 
 6
 On the night of June 13, 1987, Howser and her friend, Lisa Annette Shealy ("Shealy"), left a bowling alley in their hometown of Columbia, South Carolina, and headed home in a 1985 Chevrolet S-10 Blazer driven by Howser and owned by her father. After stopping at a McDonald's restaurant at the intersection of Decker Boulevard and Trenholm Road, they drove down Trenholm Road in the inside lane of the four-lane road. After about one-tenth of a mile, the Blazer was "bumped" from behind. Howser looked in the rear view mirror and saw a car behind them with a driver and no passengers. The car bumped the Blazer two more times and Howser accelerated the Blazer. The driver of the other car, who was unknown to them, pulled his car alongside the Blazer in the outside lane and yelled at them to roll down their window, slow down and stop their car. He pointed a pistol at the Blazer's passenger window where Shealy was seated. Howser made a quick left turn onto a side street to avoid the stranger's assault. As she completed her turn, the gunman shot at the Blazer. A bullet entered the rear of the vehicle, fragmented, pierced the driver's car seat and entered Howser's back in three places. Howser managed to bring the Blazer to a stop before losing consciousness and Shealy summoned help. The gunman continued traveling down Trenholm Road. Neither he nor his vehicle has been identified.
 
 
 7
 The injuries that Howser sustained were the result of the gunshot. Neither Howser nor Shealy was hurt when the other vehicle bumped the Blazer.
 
 
 8
 Howser initially brought a "John Doe" action in the Court of Common Pleas for Richland County, South Carolina, seeking to establish liability under the uninsured motorist provision of her father's automobile liability policy. See S.C. Code Ann. § 38-77-180 (Law. Co-op. 1989). Wausau then brought this action seeking a declaration that Howser's injuries are not covered under the policy. Howser's state action has since been removed from the trial roster.
 
 III.
 
 9
 This action was originally filed in the state court but was removed to the federal court. After removal of the cause to the federal district court, both parties cross-moved on the basis of the undisputed facts of the case and the terms of the policy issued in conformity with State law, for summary judgment in its or her favor. The district court granted summary judgment in favor of the insurer. It gave two reasons for its decision. First, it concluded that" Howser [had] failed to establish that her injury 'a[rose] out of the ownership, maintenance, or use of' the gunman's vehicle as required by § 38-77-140"; and, second, that "Howser's injuries were caused by the gunshot, not by the gunman's vehicle" and that "the shooting ... was an intervening cause, which broke the use sequence of the automobile ... " as required under Section 38-77-140. (Emphasis added) Howser has appealed that judgment.
 
 IV.
 
 10
 At oral argument on the appeal, we expressed a desire to certify the issues in the case to the Supreme Court of South Carolina for decision since the determination of the appeal was controlled by South Carolina law. The parties agreed on the two determinative issues in the case and, in accordance with their agreement, we certified those issues for resolution to the Supreme Court of South Carolina under Rule 228, S.C.A.C.R. That Court granted certification, received briefs from and heard oral argument by the parties.
 
 
 11
 The two dispositive issues thus certified to the Supreme Court of South Carolina were:
 
 
 12
 1. "Is the insurer liable under the uninsured motorist provision involving injuries 'arising out of the ownership, maintenance, or use' of an uninsured vehicle (Section 38-7-140, S.C. Code Ann.) for gunshot injuries sustained by a person traveling on a public highway in an insured vehicle and inflicted during a vehicular chase by an unknown owner or operator of an unidentified vehicle?"
 
 
 13
 2. "Is, under the circumstances of this case, subsection 2 of Section 38-77-170 ('Conditions to sue or recover under uninsured motorist provision ... ') satisfied by the presence of an independent witness to the accident causing the injury of the defendant in this case, even though the injury was not caused by 'physical contact with the unknown vehicle?')"
 
 
 14
 The South Carolina Supreme Court answered both questions in the affirmative. Wausau Underwriters Insurance Company v. Nancy Reese Howser, S.E.2d (S.C. 1992).
 
 A.
 
 15
 In answering the first question, the South Carolina Supreme Court began by stating that, in resolving whether the"use" of the vehicle was the cause of the injury, the test was "something less than proximate cause and something more than the vehicle being the mere site of the injury," or, simply put, whether "the use of the vehicle causally contributed to the claimant's injuries." Applying this test of "causally contributed", the Supreme Court said that "the unknown vehicle [in this case] was an active accessory to this assault.... Only through the use of his vehicle was the assailant able to closely pursue Howser, thereby enabling him to carry out the pistol assault. The gunshot was the culmination of an ongoing assault in which the vehicle played an essential and integral part. Additionally, only a motor vehicle could have provided the assailant a quick and successful escape. Thus, we find a sufficient causal connection exists between the use of the assailant's vehicle and Howser's injuries." It also found that "no independent act occurred to break the causal link. Here ... the unknown driver's use of his vehicle and the shooting were inextricably linked as one continuing assault." "Accordingly," it concluded "that for the purposes of Howser's uninsured motorist coverage, her injuries arose out of the use of her assailant's vehicle."
 
 B.
 
 16
 On the second question, the Supreme Court pointed out that condition (2) on the right to recover under the uninsured motorist provision as stated in Section 38-77-170, S.C. Code Ann., as it existed prior to the amendment of 1987, had as "a prerequisite to coverage" that there had been "some physical contact with an unidentified vehicle." In 1987, the legislature added the language "or the accident must have been witnessed by someone other than the owner or operator of the insured vehicle." The purpose of this addition, the Supreme Court said, was to
 
 
 17
 assure adequate proof the accident involved a second unknown vehicle. Coker v. Nationwide Insurance Co., 251 S.C. 175, 161 S.E.2d 175 (1968). The legislature, by the 1987 amendment, has determined an independent witness is sufficient to reduce the possibility of false claims. Nevertheless, Wausau maintains that the prefatory language of Section 38-77-170 which provides "[i]f the owner or operator of any motor vehicle which causes bodily injury or property damage to the insured is unknown ... " (emphasis added) continues to restrict application of this statute to cases in which the vehicle is the direct cause of the injury. We find this language is not intended to require any more of a causal relationship than is necessary for the determination that the injury or damage arose out of the ownership, maintenance or use of the uninsured vehicle as required in Section 38-77140. The interpretation urged by Wausau clearly would be contrary to the legislature's intent in amending the statute deleting the physical contact requirement. Accordingly, we hold no physical contact with the unknown vehicle is necessary when a witness other than the owner or driver of the insured vehicle is available to attest to the facts of the accident.
 
 
 18
 The South Carolina Supreme Court accordingly answered affirmatively that the undisputed evidence established compliance with the alternative requirement of subsection 2, Section 38-77-140 ("the accident [had been] witnessed by someone other than the owner or operator of the insured vehicle").
 
 V.
 
 19
 The answers by the South Carolina Supreme Court to the questions certified to it disposed of the controlling issues in this appeal and established the right of Howser to recover for her injuries against her insurer Wausau Underwriters under its uninsured motorist provision of the policy. Moreover, it was admitted by Wausau Underwriters that the "value of defendant's injuries and damages resulting from the accident equals or exceeds $100,000," which is the extent of coverage under the uninsured motorist provision. Under these circumstances, judgment should be entered against Wausau Underwriters and in favor of Howser for $100,000.
 
 
 20
 Judgment in favor of the insurer is hereby vacated and the crossmotion of the insured for judgment is hereby granted, with remand to the district court to enter judgment against the insurer in favor of the insured for $100,000.
 
 REVERSED WITH DIRECTIONS
 
 
 [1]
 S.C. Code Ann. § 38-77-140 (Law Co-op. 1987)
 
 
 [2]
 S.C. Code Ann. § 38-77-150 (Law Co-op. 1987)
 
 
 [3]
 S.C. Code Ann. § 38-77-170 (Law Co-op. 1987)